(No. 13102.—Judgment reversed.)

JIM ALABACH, Plaintiff in Error, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(JOE SMALLWOOD, Defendant in Error.)

*Opinion filed February 18, 1920.*

WORKMEN'S COMPENSATION—*when owner remodeling his dwell-
ing house is not under the Compensation act.* One who is merely
remodeling his dwelling house is not engaged in the business of
maintaining, altering or demolishing structures within the meaning
of sub-section 1 of section 3 of the Compensation act, and when he
engages an independent contractor to put a concrete foundation
under the dwelling house he is not obliged to comply with sec-
tion 31, regarding contractors' insurance, in order to avoid liabil-
ity for an injury to an employee of the contractor.

WRIT OF ERROR to the Circuit Court of Madison county;
the Hon. J. F. GILLHAM, Judge, presiding.

J. B. HARRIS, for plaintiff in error.

W. J. BAXTER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

On November 14, 1917, Jim Alabach, plaintiff in error,
was engaged in the retail grocery business in Granite City
and had entered into a verbal contract with Martin Heller
by which Heller for a stipulated price was to furnish the
material and do the work of putting a concrete foundation
under the dwelling house of Alabach disconnected from his
place of business and occupied by him and his family as a
private residence. Joe Smallwood, defendant in error, was
employed by Heller in doing the work, and on that date
he suffered an accidental injury arising out of and in the
course of his employment. He applied for compensation
for his injury from Heller and Alabach. The arbitrator
made an award against Heller but denied the application
as against Alabach. Upon a review by the Industrial Com-

mission an award was made against both Heller and Alabach, and upon a writ of *certiorari* from the circuit court of Madison county the award was affirmed by the circuit court. The question of the liability of Alabach is before this court on a writ of error.

No provision was made by Alabach that Heller should insure his liability to pay compensation for accidental injury to his employees, and Alabach was held liable by the Industrial Commission and the circuit court on the ground that he had failed to comply with section 31 of the Workmen's Compensation act. That section provides that anyone engaging in any business or enterprise referred to in sub-sections 1 and 2 of paragraph (*b*) of section 3 of the act shall be liable to pay compensation to his own immediate employees, and also to the employees of any contractor or sub-contractor, unless the contractor or sub-contractor shall have procured insurance against his liability. Section 3 defines extra-hazardous employments, and sub-section 1 brings within such employments the erection, maintaining, removing, remodeling, altering or demolishing of any structure except as provided in sub-section 8.

Sub-section 1 of section 3, and section 31, include only persons engaged in the businesses or enterprises therein mentioned, and erection, maintaining, removing, remodeling, altering or demolishing of a dwelling house, which is neither the occupation, enterprise nor business of the owner, does not bring him within either section. (*Johnson v. Choate,* 284 Ill. 214.) The enterprise or business in which Alabach was engaged was the grocery business, which did not include providing a home for himself and family. Providing a place to live and making it safe or comfortable by putting a concrete foundation under it did not render Alabach liable to pay compensation.

The judgment of the circuit court is reversed and the award set aside.                    *Judgment reversed.*