(No. 13336.—Judgment reversed.)

LOMBARD COLLEGE, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GILLIS HVARFVEN, Defendant in Error.)

*Opinion filed October 23, 1920.*

WORKMEN'S COMPENSATION—*when corporation is not liable as an employer under section 31 of Compensation act.*   An eleemosynary corporation conducting an institution of learning is not within the meaning of section 31 of the Compensation act when employing a contractor to repair the house it furnishes as a home for its president, and it is not obliged to require the contractor to insure his liability to pay compensation to his employees in order to avoid liability for an injury to an employee of the contractor.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

WILLIAMS, LAWRENCE, GREEN & GALE, for plaintiff in error.

BARNES, MAGOON & BLACK, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the circuit court of Knox county confirming an award of the Industrial Commission awarding compensation to Gillis Hvarfven for loss of the sight of both eyes and holding plaintiff in error liable under section 31 of the Compensation act of 1913.

Plaintiff in error is an eleemosynary institution located at Galesburg, Illinois, and is engaged in the business of furnishing instruction to such students as enroll in its classes. It employs a president as its chief executive officer, and in addition to the salary paid him for his services it furnishes him the use of a residence which belongs to the college. October 3, 1913, James F. Dolan, a licensed plumber in Galesburg, was employed to repair a gas leak in the president's house. He brought with him an experienced plumber, Gillis Hvarfven. While examining the ceiling of one of the rooms in an effort to locate the leak Dolan set up a ladder and told Hvarfven to steady it. Dolan struck a match in trying to find the leak, and located the leak with the usual result of an explosion. A quantity of plaster fell into Hvarfven's eyes, as a result of which he finally became blind. Compensation was awarded, and because Dolan is insolvent and did not carry insurance, as required by section 31 of the Compensation act of 1913, it is contended by defendant in error that Lombard College should pay the award.

Section 31 provides that any corporation who contracts with another to have done for it any work enumerated as extra-hazardous in paragraph (*b*) of section 3, requiring employment of employees in, on or about the premises where he contracts to do such work, and does not require

of the person undertaking to do such work that such person shall insure his liability to pay compensation provided in the act to his employees, such corporation shall be included in the term "employer," and with the immediate employer shall be jointly and severally liable to pay the compensation provided for in the act and be subject to all the provisions of the act. (Laws of 1913, p. 355.) In so far as it applies to the facts in this case, paragraph (*b*) of section 3 provides that the provisions of the act shall apply to an employer engaged in the occupation, enterprise or business of building, maintaining, repairing or demolishing a structure. (Laws of 1913, p. 339.) The language of section 31 is broad, and, as we held in *American Steel Foundries* v. *Industrial Board,* 284 Ill. 99, it includes any person, firm or corporation for whom work covered by the Compensation act is to be done. In construing this section, however, the whole act should be considered for the purpose of determining what the legislature meant by the language used. Certainly the legislature did not intend to include any person, firm or corporation that was not covered by the act and operating under it. Plaintiff in error had not elected to come under the act, and so is not included in the terms of section 31 unless it is brought under the act by its terms. Plaintiff in error was not engaged in the occupation, enterprise or business of building, maintaining, repairing or demolishing structures, (*Uphoff* v. *Industrial Board,* 271 Ill. 312; *Johnson* v. *Choate,* 284 id. 214; *Alabach* v. *Industrial Com.* 291 id. 338;) and is therefore not within the terms of section 31.

The judgment of the circuit court is reversed and the award set aside.      *Judgment reversed.*