(Nos. 13700-13701.—Judgment affirmed.)

IDDELL E. DAVIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES NICHOLS, Defendant in Error.)—IDDELL E. DAVIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JACOB MILLER, Defendant in Error.)

*Opinion filed February 15, 1921—Rehearing denied April 8, 1921.*

1. WORKMEN'S COMPENSATION—*when owner of building is liable as employer through contract by his agent.* The owner of an apartment building, whose father lived in one of the apartments and had authority to "do small matters" in repairing and maintaining the building, is liable as an employer, under the Compensation act, for injuries to workmen who fell from a scaffold while cleaning the outside walls of the building pursuant to an agreement entered into by said father with their employer.

2. SAME—*when person maintaining apartment building is liable for injury to workmen.* Although a person is principally occupied with a business which is not hazardous, yet where he is also engaged in the maintaining and renting of an apartment building for income he is liable to pay compensation for injuries to workmen who are hired by his agent to clean the outside walls of the building.

3. SAME—*when owner of building is liable to contractor's employees under section 31 of Compensation act.* The owner of an apartment building who, through his agent, engages a contractor to clean the outside walls of the building is liable, under section 31 of the Compensation act, to pay compensation for injuries to the contractor's employees who fell from a scaffold during the progress of the work, where the contractor is insolvent and there is no insurance.

4. APPEALS AND ERRORS—*constitutional question cannot be first raised on review.* The constitutionality of the Compensation act cannot be considered in the Supreme Court if the question was not raised in any way in the circuit court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

ZIMMERMAN, MACK & GARRETT, (BERNSTEIN, ZOLLA & BERNSTEIN, of counsel,) for plaintiff in error.

JOHN G. RIORDAN, for defendant in error Jacob Miller.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of Cook county affirming an award under the Workmen's Compensation act in favor of defendants in error, respectively, in separate claims prosecuted by them individually. Jacob Miller and James Nichols were employed by William Greenough, who was engaged in the business of cleaning the outside walls of buildings. While engaged in cleaning parts of the outside walls of a three-story apartment building belonging to plaintiff in error, Iddell E. Davis, the scaffold on which Miller and Nichols were working fell with them about twenty-five feet and they were both injured. Greenough was insolvent. He had no insurance for his men and they each claimed compensation from plaintiff in error. They were each awarded compensation by an arbitrator, which was confirmed by the Industrial Commission and by the circuit court. A writ of error was allowed in both cases, and as both claims are dependent on the same facts, the two cases were consolidated in this court for hearing and will be disposed of in one opinion.

Plaintiff in error denied he ever employed Greenough or the men working for him. The facts disclosed by the testimony on this question are, in substance, that plaintiff in error and his father, Nathan Davis, owned and operated a paint and hardware business in a store on Halsted street under a corporate organization. The building where the accident occurred belonged to plaintiff in error and was located at Forty-ninth street and Forestville avenue. It was a three-story building, forty-five feet high, and contained fifteen apartments. Nathan Davis lived in one of them. Greenough testified he was employed by Nathan

Davis to clean the building; that he did not know who owned the building; that Davis came to the place where he was working on another building and employed him to clean the building where the accident occurred. Greenough testified Davis saw him twice about it, and the first time he asked him to look the building over and tell him what it would cost. He did look at the building and later told Davis he would do it for $86. Subsequently Davis directed Greenough to do the work. Davis admitted talking to Greenough about doing the work and asking him to state what it would cost. He claimed Greenough was to submit a proposition in writing but never did so, and that there was never any employment by him. Plaintiff in error testified his father had no authority to employ Greenough, but admitted his father, who lived in the building, had authority to "do small matters" in repairing and maintaining the building. The witness said he, himself, was a busy man and owned other buildings, and that his father had authority to handle small matters because the witness did not wish to be bothered with them; that the witness never drew any particular line as to what should be considered small matters, and that whether his father had authority to hire the building cleaned would depend upon whether it was considered a small matter.

It cannot be said that the evidence did not reasonably warrant the inference that Nathan Davis' act in hiring Greenough was within the scope of his authority and binding on plaintiff in error. (*Lumbermen's Ins. Co.* v. *Bell,* 166 Ill. 400; Mechem on Agency,—2d ed.—sec. 296.) It is not material that Greenough was not informed as to who the principal was at the time he was employed. (*Barker* v. *Garvey,* 83 Ill. 184.) While the evidence on the subject of agency was somewhat conflicting, the testimony of Greenough was positive as to his employment by Nathan Davis, and it is undeniable that the testimony on the question of his agency for the plaintiff in error warranted the

conclusion that in making the employment he was acting within the scope of his authority.

It is also contended by plaintiff in error that he is not liable under section 31 of the Workmen's Compensation act. His argument is he was engaged in the business of a hardware and paint merchant, and while he owned the building in question and some others which he maintained and rented for income, he was not engaged in the business of maintaining the building and the business in which he was engaged was not embraced in the Workmen's Compensation act. His own testimony shows that he owned the building in question and some others which he rented for income and that he kept them in condition and repair for that purpose. We do not understand that it is required by the Workmen's Compensation act that one shall be exclusively engaged in one of the hazardous occupations enumerated to make him liable to compensation. This court has held that a man may engage in two kinds of business,—one not extra-hazardous or within the Workmen's Compensation act unless the party so elects, and the other may be within the act without election because it is extra-hazardous. (*Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477.) The work being done at the time the accident happened was done in maintaining the building. It was, in fact, dangerous and extra-hazardous. (*Chicago Cleaning Co.* v. *Industrial Board,* 283 Ill. 177.) If it was being done for plaintiff in error in maintaining his building we do not see how it could reasonably be said that Greenough, as the employer of defendants in error, was bound by the Compensation act, but if he was insolvent and had no insurance the owner of the building, his employer, would not be bound by the act. Other cases more or less pertinent in which this question has been discussed are *Johnson* v. *Choate,* 284 Ill. 214, *Seggebruch* v. *Industrial Com.* 288 id. 163, and *Storrs* v. *Industrial Com.* 285 id. 595. The liability under section 31 has been sustained in *American Steel Foundries* v. *Industrial*

*Board,* 284 Ill. 99, and *Butler Street Foundry Co.* v. *Industrial Board,* 277 id. 70.

No question of the constitutionality of the Workmen's Compensation act, or any provision of it, was raised in the circuit court, and it cannot be raised in this court for the first time. *Savoy Hotel Co.* v. *Industrial Board,* 279 Ill. 329.

The judgment is affirmed.            *Judgment affirmed.*

---

(No. 13546.—Reversed in part and remanded.)
FRANKLIN D. KELLY *et al.* Appellants, *vs.* EDWIN LEH-
MANN *et al.* Appellees.

*Opinion filed February 15, 1921—Rehearing denied April 7, 1921.*

1. CORPORATIONS—*forfeiture for non-user can only be set up by State in direct proceeding.* A corporation organized for the purpose of operating safety deposit boxes is a lawful corporation, and a failure to file its annual report with the Secretary of State will not, of itself, work a forfeiture of the corporation's charter but is simply *prima facie* evidence of non-user, which may be availed of only by the People in a proceeding to forfeit the charter and cannot be set up in a collateral proceeding for the purpose of avoiding a conveyance.

2. DEEDS—*proof that deed is a mortgage must be clear, satisfactory and convincing.* The burden is upon the party alleging that an instrument purporting to be a deed is, in fact, a mortgage, to prove his case by clear, satisfactory and convincing evidence.

3. SAME—*when parol evidence is admissible to prove deed is a mortgage.* To determine whether a deed purporting to convey an absolute estate was in fact intended to be a mortgage, equity as well as the law will seek for the understanding of the parties in the deed itself; but parol evidence is admissible so far as it conduces to show the relations between the parties, to establish the fact that a debt existed or that money was loaned on account of which the conveyance was made, or any other circumstance which will in a court of equity control the operation of the deed.

4. SAME—*character of deed or mortgage becomes fixed upon delivery.* The character of an instrument as a deed or mortgage

297–3