(No. 14793.—Judgment reversed.)

THE T. JOHNSON COMPANY, Plaintiff in Error, *vs*. THE
INDUSTRIAL COMMISSION *et al.*—(OLIVER M. LAWSON,
Defendant in Error.)

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

WORKMEN'S COMPENSATION—*when principal hiring independent
contractor is not liable as an employer under section 31 of Compen-
sation act.* Under section 31 of the Compensation act, as amended
in 1917, a corporation engaged in the cooperage business, which
hires an independent contractor to paint the smoke-stacks of its
factory, is not required to pay compensation for an injury to an
employee of the contractor although the contractor has not insured
his liability, as amended section 31 limits the liability in such cases
to persons engaged in the businesses or enterprises referred to in
sub-sections 1 and 2 of paragraph (*b*) of section 3 of the act.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. FRANK JOHNSTON, JR., Judge, presiding.

FRANK M. COX, and ALBERT N. POWELL, for plaintiff
in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The T. Johnson Company, plaintiff in error, is a corpo-
ration engaged in the cooperage business and manufactures
barrels of two types, largely used in the stock yards trade.
It has a factory at 1046 West Thirty-eighth street, in Chi-
cago, consisting of several buildings one story in height, on
which there are three smoke stacks. On October 24, 1919,
C. D. Boyd & Co. made a written proposition to the John-
son Company on a paper indicating in the heading that they
were contractors as smoke-stack cleaners, to paint the three
smoke stacks for $45, the Johnson Company to furnish the
paint. The proposal was accepted in writing by the John-
son Company, and the defendant in error, Oliver M. Law-
son, was employed by C. D. Boyd & Co. to do painting on

the smoke stacks. On November 2, 1919, Lawson went up to the top of a smoke stack and was painting it. He was on a ladder and there was a strong wind, which pulled the ropes away and the ladder over-balanced, and in falling he jumped to the roof of the building and sustained a serious injury to one foot. C. D. Boyd was on the roof of the building at the foot of a smoke stack. C. D. Boyd & Co. had no insurance against liability to employees, and Lawson filed a claim for compensation against his employer and the Johnson Company, alleging liability of the Johnson Company, under section 31 of the Workmen's Compensation act, for failing to require insurance. Boyd was not found and did not appear. An arbitrator heard the evidence and found the Johnson Company liable under section 31 of the Workmen's Compensation act and awarded to Lawson $12 a week for 23½ weeks for total incapacity for work and the further sum of $12 a week for 75 weeks for permanent loss of sixty per cent of the use of his right foot. On a review by the Industrial Commission, with no additional evidence, it was ordered that the award of the arbitrator should stand as and for the decision of the commission. A writ of *certiorari* was sued out of the circuit court of Cook county, and the writ was quashed and the award confirmed.

There was no controverted question of fact, and the question of law presented is whether the Johnson Company came within the provisions of section 31 creating a liability in default of insurance by C. D. Boyd & Co., the contractors. Section 31 of the Workmen's Compensation act enacted in 1913 provided that any person, firm or corporation who undertook to do or contracted with others to do or have done for him, them or it any work enumerated as extra-hazardous in paragraph (*b*) of section 3, requiring employment of employees in, on or about the premises where he, they or it, as principal or principals, contracted to do such work or any part thereof and did not require of the

person, firm or corporation undertaking to do such work for said principal or principals that such person, firm or corporation undertaking to do such work should insure his, their or its liability to pay the compensation provided for in the act, the principal or principals should be included in the term "employer," and with the immediate employer should be jointly and severally liable to pay such compensation.   The question of the liability created by that act came before the court in *American Steel Foundries* v. *Industrial Board,* 284 Ill. 99, where the steel foundries company in 1915 had entered into a written contract with Charles Malone to erect smoke stacks on its building and Malone employed Harry Shaw to undertake work in the execution of the contract and Shaw fell from a smoke stack and was killed.   All the parties were under the provisions of the Workmen's Compensation act and Malone had not taken out any insurance covering his liability to his employees. It was decided that section 31 created a liability of the steel foundries company to pay compensation and a judgment against it for such compensation was affirmed.   Section 31 was amended in 1917 so as to declare the liability as follows:   "Any one engaging in any business or enterprise referred to in sub-sections 1 and 2 of paragraph (*b*) of section 3 of this act who undertakes to do any work enumerated therein, shall be liable to pay compensation to his own immediate employees in accordance with the provisions of this act, and in addition thereto if he directly or indirectly engages any contractor, whether principal or subcontractor to do any such work, he shall be liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor shall have insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this act, or guaranteed his liability to pay such compensation."   (Laws of 1917, p. 504.)   The change made limited the liability to those engaging in the

businesses or enterprises referred to in sub-sections 1 and 2 of paragraph (*b*) of section 3, which included the building, maintaining, repairing or demolishing of any structure.

In 1913 Frank Uphoff employed B. C. Bruner to help build a broom-corn shed on Uphoff's farm, and in doing the work he lost the sight of one eye by accident. An award was made under the Workmen's Compensation act against Uphoff as employer. The award was set aside and the judgment confirming it reversed on the ground that the business of Uphoff was farming, and the building of a broom-corn shed, although incidental thereto, did not make the building of broom-corn sheds his occupation and he was not within the act. (*Uphoff* v. *Industrial Board,* 271 Ill. 312.) That decision did not deal with section 31, and as the parties in this case were all under the act, it is only interesting here on the question what constitutes the business and enterprise of one sought to be charged under section 31.

In 1917 Jim Alabach was engaged in the retail grocery business and entered into a contract with Martin Heller to furnish the material and do the work of putting a concrete foundation under the dwelling house of Alabach and an employee of Heller suffered an accidental injury arising out of and in the course of his employment. No provision was made by Alabach that Heller should insure his liability to pay compensation, and an award was made based on section 31. The judgment was reversed because the enterprise or business of Alabach was the grocery business and not the erection, maintaining, removing or remodeling, altering or demolishing, any structure. *Alabach* v. *Industrial Com.* 291 Ill. 338.

In *Lombard College* v. *Industrial Com.* 294 Ill. 548, James F. Dolan was employed on October 3, 1913, as a plumber to repair a gas leak and brought with him an experienced plumber as a helper. The helper lost the sight of both eyes as the result of an explosion, and compensa-

tion was awarded under section 31 of the act of 1913. The court held that in construing section 31 the whole act should be considered, and the legislature did not intend to include any person, firm or corporation that was not covered by the act and operating under it; that the college was not engaged in the enterprise or business of building, maintaining, repairing or demolishing structures from the fact that it owned a residence occupied by its president, where the work was done, and therefore the college was not within the terms of section 31 as it was in 1913.

It is true that one may be engaged in the enterprise or business of building, maintaining, repairing or demolishing a structure or structures although not doing such work for others or the public. In *Johnson* v. *Choate, 284* Ill. 214, which was an action at law for a personal injury, the defense was that the rights of the parties were determined by the Compensation act, and there was a directed verdict for the defendant and a judgment accordingly on that ground. To establish the defense it was necessary to show that the defendant, Choate, was engaged in maintaining buildings, and it was proved that he owned and operated a large building in Chicago in which there were offices, a hall and a lodge room, with a dance floor and a cloak room. The building was maintained and let out and used for income, and maintaining it was held to be the business or occupation of the defendant. There was a similar state of facts and a like decision in *Davis* v. *Industrial Com. 297* Ill. 29. In *Storrs* v. *Industrial Com. 285* Ill. 595, the only occupation of Storrs was managing, maintaining and keeping in repair twelve or fifteen buildings belonging to him or members of his family for income and profit, and it was held that he was engaged in the business of maintaining and keeping in repair the buildings. In this case the enterprise or business of the Johnson Company was cooperage, and the buildings were only a necessary incident or means as a place of carrying on the business. All the buildings,

with the machinery, fixtures, smoke stacks and other conveniences, were for the carrying on of the business and not for realizing separate income therefrom. It was not within the provisions of section 31 in force at the time of the accident and there was no liability under it.

The judgment is reversed.          *Judgment reversed.*