### Filomenia Foglio, Administratrix, Appellee, v. City of Chicago, Appellant.

### Gen. No. 28,159.

1. WORKMEN'S COMPENSATION—*provisions of section 31 of Act against insured contractors no bar to action against negligent third party.* The provisions of Workmen's Compensation Act, sec. 31, Cahill's Ill. St. ch. 48, ¶ 231, making any person engaging in any business or enterprise referred to in section 3, subsections 1 and 2, liable for injuries to his employees and also those of a contractor or subcontractor unless the latter shall be insured, and giving him the right to recover from the contractor the amount of any compensation paid to an employee of the latter, relates to proceedings brought directly under the act before the Industrial Commission and has no application to bar an action by the personal representative of a deceased employee of a contractor for the use of the contractor, brought under section 29, Cahill's Ill. St. ch. 48, ¶ 229, against the city whose negligence caused the death, to recover the amount of compensation required to be paid by the contractor, who was insured, to such personal representative.

2. WORKMEN'S COMPENSATION—*section 31 of Act not of general*

Foglio v. City of Chicago, 229 Ill. App. 472.

*application.* The provisions of Workmen's Compensation Act, sec. 31, Cahill's Ill. St. ch. 48, ¶ 231, making any person engaged in any business or enterprise referred to in section 3, subsections 1 and 2, liable for compensation for injuries to his employees and also for injuries to employees of contractors and subcontractors, unless the latter are insured, and giving him a right to recover from contractor or subcontractor any compensation paid under such section, and making the section inapplicable to accidents occurring elsewhere than on the premises where the principal has contracted that the work shall be done, are limited in application to the businesses and enterprises named in section 3 and to accidents occurring on the immediate premises on which the principal has contracted that the work shall be done. ·

3. WORKMEN'S COMPENSATION—*section 31 of Act not retrospective in operation.* The provision of Workmen's Compensation Act, sec. 31, Cahill's Ill. St. ch. 48, ¶ 231, making any person engaged in certain specified businesses or enterprises liable for compensation to employees of contractors and subcontractors, unless the latter are insured, for injuries from accidents occurring on the immediate premises where the principal contracted that the work should be done is not retrospective in its operation and has no application to proceedings or actions instituted under section 29 prior to the adoption of section 31.

4. WORKMEN'S COMPENSATION—*personal representative of deceased employee entitled to sue for use of employer under section 29 of Act.* The right of action against a negligent third person under Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, subrogating the employer to the injured employee's right to the extent of any compensation paid, is not limited to the employer in an action in his name alone against such third person but may be enforced in an action by the personal representative of a deceased employee for the use of the employer under the proviso of section 29 that such employer may maintain or continue an action in his own name or that of the injured employee or the employee's personal representative.

5. WORKMEN'S COMPENSATION—*liability of principal employer as negligent third person under section 29 of Act.* An action is maintainable under Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, subrogating the immediate employer to the rights of the injured or deceased employee or his personal representative against a third person whose negligence caused the injuries or death of the employee, by the personal representative of a deceased employee of a garbage hauling contractor for the use of such contractor, against the city whose defective streets caused the fatal accident, notwithstanding such contractor had a contract with the city for hauling garbage and that the employee was engaged in driving a garbage wagon when the accident occurred.

6. WORKMEN'S COMPENSATION—*payment of compensation by employer's insurance carrier inadmissible in action against negligent third person.* Evidence that the compensation awarded for the death of an employee was paid by the employer's insurance carrier is inadmissible in an action by the personal representative of the employee for the use of the employer under Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, against the city whose defective streets caused the fatal accident, even though such employer had a contract with the city for the hauling of garbage and that decedent was killed while driving a garbage wagon, and the fact that the employer may profit from the death of his employee in case of recovery cannot defeat the action, especially where the insurance was taken out by the contractor at the instance of the city.

7. DEATH BY WRONGFUL ACT—*when contributory negligence of decedent not shown as matter of law.* Contributory negligence of plaintiff's intestate is not shown as a matter of law in an action by the personal representative of a deceased employee of a garbage contractor with defendant city, brought under Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, for the use of such contractor, after payment of compensation for the death of such employee, by evidence that at the time of the accident, which was caused by the defective condition of the street, decedent, who was driving an ash wagon, had arisen to a standing position from his seat and was attempting to wrap a blanket around himself.

Appeal by defendant from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 28, 1923. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL A. ETTELSON and WILLIAM H. DEVENISH, for appellant; CHARLES M. MCDONNELL and CORA B. HIRTZEL, of counsel.

ALFRED ROY HULBERT, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the City of Chicago, appellant, from a judgment of $3,750 in favor of Filomenia Foglio, appellee, administratrix of the estate of Peter Foglio, deceased, for the use of Michael Lawler, in an action for damages for the death of Peter Foglio.

The action is brought under section 29 of the Illinois Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 229] for the use of Michael Lawler, the employer of Peter Foglio, deceased.

The substance of the declaration is that the City of Chicago and Lawler were under the Workmen's Compensation Act; that Lawler was engaged in the general teaming and express business and that Peter Foglio, deceased, was the driver of one of his wagons; that appellant, the City of Chicago, negligently permitted large and deep holes to remain in the street in which the accident occurred; that Foglio, while driving a wagon for Lawler on said street, was thrown from the wagon and killed, by reason of the defective condition of the street; that Lawler was directed by the Industrial Commission to pay compensation to the administratrix of the estate of Foglio in a total sum of $3,750; that under section 29 of the Workmen's Compensation Act, Lawler has become subrogated to all the rights of the appellee. The plea of general issue was filed by the City of Chicago, appellant. The cause was submitted to a jury, and the jury found a verdict in favor of appellee for $3,750.

It was stipulated that the parties were all under the Workmen's Compensation Act. It was proved that the Industrial Commission had made an award against Lawler for the total sum of $3,750. On the main issues concerning the accident and death, appellant, the City of Chicago, offered no evidence. It will be unnecessary, therefore, to state and discuss the evidence in these respects, except as to the contention of counsel for appellant that Foglio, the deceased, was guilty of contributory negligence.

The principal reliance of counsel for appellant for reversal is section 31 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 231]. It is maintained by counsel that by the provisions of that sec-

tion no right of action exists against appellant. Counsel argue that the action was incorrectly brought under section 29 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 229], and that inasmuch as Lawler was insured, section 31 precludes him and any one in his behalf from commencing an action. The only part of section 31 to which we have been referred by counsel for appellant is contained in their brief and is as follows:

"Any one engaging in any business or enterprise referred to in sub-sections 1 and 2 of section 3 of this Act who undertakes to do any work enumerated therein, shall be liable to pay compensation to his own immediate employees in accordance with the provisions of this Act and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he shall be liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor shall have insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this Act, or guaranteed his liability to pay such compensation."

The remaining part of section 31, which part counsel for appellant failed to set out or discuss, is as follows:

"In the event any such person shall pay compensation under this section he may recover the amount thereof from the contractor or sub-contractor, if any, and in the event the contractor shall pay compensation under this section he may recover the amount thereof from the sub-contractor, if any. This section shall not apply in any case where the accident occurs elsewhere than on, in or about the immediate premises on which the principal has contracted that the work shall be done."

Appellant proved that Lawler had a contract with appellant for hauling garbage and ashes, and that Foglio, the deceased, was killed while driving an ash wagon for Lawler. Appellant proved further that

Lawler had insured against liability to pay his employees compensation under the Workmen's Compensation Act.

Counsel for appellant state their contention under section 31 as follows: "The employment and the liability arise under this section against the third person *as an employer;* and if the condition of insurance or guaranty there imposed is complied with, *no* action under *any* section of the act lies against the appellant."

We are unable to agree with this conclusion. In our opinion, section 31 has no relation whatever to the action contemplated by section 29 of the Workmen's Compensation Act. The part of section 29 which is pertinent to this controversy provides as follows:

"Where an injury or death for which compensation is payable by the employer under this Act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee. * * * *Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or per-

sonal representative or in his own name against such other person for the recovery of damages to which but for this section the said' employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative, all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and all costs, attorney's fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability.''

The action authorized by section 29 against the third person causing the injury is the common-law action the employee had before the adoption of the act. *Schlitz Brewing Co. v. Chicago Rys. Co.,* 307 Ill. 322, 328; *Gones v. Fisher,* 286 Ill. 606. Section 31 does not purport to allow a common-law action against a third person. It relates entirely to proceedings which may be brought directly under the act before the Industrial Commission. Its plain purpose is to protect the employee of a contractor or subcontractor by giving him a right to recover compensation in a proceeding before the Industrial Commission, not only against the contractor or subcontractor, but also against the employer of the contractor or the subcontractor, when the contractor or subcontractor has not insured against liability. In the part of section 31 not quoted by counsel for appellant, the right is given to the person employing the contractor or subcontractor to recover from them any compensation the employer may pay under the section, and a similar right is also given to a contractor in regard to his subcontractor. Such claims should be brought before the Industrial Commission. In practice they are so brought. *Johnson Co. v. Industrial Commission,* 306 Ill. 197. It is evident that section 31 has reference only to the class of persons that may be liable to pay compensation under the act, and not to the third person who may be liable at common law

Foglio v. City of Chicago, 229 Ill. App. 472.

for the negligence causing the injuries. Section 31. does not either expressly or impliedly amend or modify the right of recovery from the third person causing the injury allowed under section 29 of the act. This right is not referred to, or involved by even the slightest suggestion or intimation in section 31. Furthermore, section 31 does not apply generally to every business or enterprise contemplated by the act, but is limited, in terms, to a "business or enterprise" comprised in "subsections 1 and 2 of section 3 of this Act." Subsections 1 and 2 are respectively as follows:

"1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 8 of this section. (Sub-paragraph 8 has no relation to this case.)

"2. Construction, excavating or electrical work, except as provided in sub-paragraph 8 of this section."

The business in the present case was the general teaming and express business, and such a business is not included in either of the subsections. It is clear, therefore, that even if section 31 had the force and effect attributed to it by counsel for appellant, it would not apply to the present case.

There is still another reason which confirms our opinion that section 31 has no application to the action against a third person allowed by section 29, and that is that section 31 expressly provides, in the part not quoted by counsel for appellant, that it "shall not apply in any case where the accident occurs elsewhere than on, in or about the immediate premises on which the principal has contracted that the work shall be done." This clause imposes another limitation on the application of section 31, in addition to the restriction confining the class of cases intended by the section to subsections 1 and 2 of section 3 of the act. It in itself clearly indicates that section 31 is not designed to apply generally to all classes of cases

arising under the act, but only to a limited class. If the contention of counsel for appellant is correct that section 31 precludes the bringing of an action under section 29 when the employer is insured, the operation of section 31, by reason of the clauses quoted, would be limited to cases occurring in businesses or enterprises referred to in subsections 1 and 2 of section 3, and to cases where the accident happens on premises such as described in section 31. That section 31 has no application to the present action is made more evident by the fact, as pointed out by counsel for appellant, that "the present section 31 had not been enacted" when this action was brought. Apparently counsel are not sure of their position, for later, after mentioning various court proceedings in the case, they say that: "From all these proceedings it would naturally suggest itself that the case was instituted before the amendment of section 31 in 1917." In referring to this fact counsel are seeking to support their contention that the present action was brought under section 29 and could not have been brought under section 31. But if counsel are correct in their statement that section 31 was passed after this action was commenced, and if, as argued by counsel, the employer is insured, section 31 has the force of precluding the action against the third person authorized under section 29, then it would follow that section 31 is retroactive legislation in so far as the present action and all others instituted under section 29, prior to the enactment of section 31, are concerned. It is an ancient maxim, which is said to be as ancient as the law itself, that a new law ought to be prospective, not retrospective, in its operation, and in construing or interpreting a statute, a retroactive effect will not be given unless the provisions of the statute distinctly express or clearly and necessarily imply a retroactive intent. 25 Ruling Case Law, secs. 35, 36, pp. 786, 787. Section 31 makes no provision, either expressly or impliedly, in regard to

actions commenced against third persons under section 29 prior to its enactment, and this fact, when considered in connection with the general rule of construction to be adopted in determining whether a statute is retroactive, strengthens us in our opinion that section 31 does not intend to amend or repeal the right of action in question allowed under section 29.

Counsel for appellant further contend that the judgment in this case is void because the employer, "and he alone can bring legal proceedings to recover" under section 29. Counsel then make the following assertion: "If an authority were required to support our understanding of this very plain enactment, we have it in the decision of the United States Court of Appeals in the case of *Star Brewing Co. v. Cleveland, C., C. & St. L. Ry. Co.,* 275 Fed. 330."

The contention of counsel is wrong, and the case cited by them has no application even to their wrong contention or to the present case. Apparently counsel have overlooked the *proviso* to section 29, which is as follows:

"*Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for the recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and all costs, attorneys' fees and reasonable expenses incurred by such em-

ployer in making such collection and enforcing such liability.''

In considering the above proviso the Supreme Court in the case of *Gones v. Fisher*, 286 Ill. 606, said (pp. 612, 613):

''The employer is given the right to sue for the entire damages, either in his own name or in the name of the injured employee, or he may continue any suit begun in the name of such employee after his liability for compensation is fixed or paid. The right of action is not otherwise modified by the Compensation Act. The law action in such a case is continued and maintainable for the use of both employer and employee, for both are supposed to be, and are in fact, interested in the judgment.  *  *  *  There is but one legal cause of action, and it is for the common benefit and use of both employer and employee.''

The case of *Star Brewing Co. v. Cleveland, C., C. & St. L. Ry. Co., supra,* cited by counsel for appellant, holds that the action granted to an employee by section 29 of the Workmen's Compensation Act does not come within the one-year statute of limitations, for the reason that the action is ''founded on a new and independent right given by the act itself, and not upon an assignment of the cause of action given by the State Injuries Act in favor of the employee.'' After citing that case counsel argue that ''therefore, it would be impossible that the administratrix, the personal representative of the intestate in this case, could bring such action in her name.'' The present action, however, is not in appellee's name in her own right, but in her name as administratrix for the *use of Michael Lawler.* If the case relied on by counsel was in point, the Supreme Court of this State has expressed an opinion on the identical question in the very recent case of *Schlitz Brewing Co. v. Chicago Rys. Co.,* 307 Ill. 322, directly contrary to that of the United States Court of Appeals. The Supreme Court, after citing that case and expressing ''the highest respect for that court,'' held that no new right of action is

created by section 29 in the employer, but that "the right of action conferred on the employer by section 29 is the *same* right of action the employee had before the adoption of the act, *transferred* to the employer." But we do not see how that question is involved in the present case. We fail to perceive the reason why, if, in the present case, the action is a new and independent right of action, "it would be impossible," as counsel for appellant contend, "that the administratrix, the personal representative of the intestate in this case, could bring such action in her name." Counsel for appellant do not enlighten us in their brief. They merely make the assertion without explaining their contention. In the case of *Star Brewing Co. v. Cleveland, C., C. & St. L. Ry. Co., supra,* cited by counsel, and in the case of *Schlitz Brewing Co. v. Chicago Rys. Co., supra,* a decision of the question was essential in determining which one of two limitation statutes should apply to the actions which were brought in those cases.

The question in the case of *Star Brewing Co. v. Cleveland, C., C. & St. L. Ry. Co., supra,* was whether the five-year statute of limitations, which would control if the action was a new one, was applicable, or the one-year limitation which would control if the action was an assignment of the cause of action given by the act in favor of the employee. In the case of *Schlitz Brewing Co. v. Chicago Rys. Co., supra,* the question was whether the employer should bring his action within two years from the date of the injury, which would be the case if the action was the same right of action of the employee assigned or transferred to the employer, or whether the employer had five years within which to bring the action, which he would have had if the action was a new and independent right of action.

In the present case, no question relating to statutes of limitation is involved, and, as far as we are able to judge, it is immaterial whether the act may be said

to create a new right of action or to transfer to the employer the same right of action the employer had before the adoption of the act. Perhaps the significance of the objection of counsel for appellant is so. obvious that we should discover it from the mere statement of the objection. In any event a complete answer is that the present action is not, as counsel contend, ''a new and independent right of action given by the act itself.''

Counsel for appellant further maintain that section 29 has no application to the present case because the death occurred in the course of work for which Lawler had contracted to perform for appellant. Because appellant, the City of Chicago, occupies a dual position in this case, being the employer of the contractor Lawler, the employer of the deceased, and at the same time the agent that caused the injury, does not, in our opinion, defeat the present action. Section 29 does not expressly or by implication provide that such a case shall constitute an exception, and the coincidence would not be sufficient, of itself, to create an exception to the operation of section 29.

It is further contended by counsel for appellant that if the fact that the employer Lawler is insured within the meaning of section 31 and the compensation has been paid by the insurance company, does not preclude the bringing of the present action, then it would follow that the employer Lawler would ''profit from'' the death of his employee, Foglio. In this connection, it is also argued by counsel that it is illogical ''that because the employer has insured himself against loss that he should have a right of action to enrich himself against the party with whom he has engaged and operated under this very law.''

It has been held by the Supreme Court of this State that evidence that an employer had caused his employees to be insured and that the compensation awarded the personal representative of a deceased person had been paid by the insurance company, is

not admissible. *Vose v. Central Illinois Pub. Service Co.*, 286 Ill. 519. The insurance carried by Lawler in the present case was taken out by Lawler at the instance of appellant. Lawler so testified when called as a witness for appellant. It so happens in this case that the death of Foglio, the employee of Lawler, was due to the negligence of appellant, and not to the negligence of an actual third person; but in contemplation of section 29, appellant is, as a matter of law, the third person. Appellant is in fact also the employer of Lawler, the contractor. Because such a situation has arisen, appellant should not be relieved of the obligation imposed upon it by section 29, and allowed to shift the consequences of its own negligence to some one else. The insurance carried by Lawler against liability was for the protection of appellant. If appellant's negligence had not caused the death, and a third person's had, and Lawler, the contractor of appellant, *was not insured,* appellant would have had to pay the compensation under section 31. Appellant in such a case would have had the right under section 31 to file its claim against Lawler to recover the amount paid.

We think that the fear of counsel for appellant that Lawler will "profit from the employee's injuries" and "enrich himself against the party with whom he has engaged and operated under this very law," is wholly gratuitous. If the contract between Lawler and the insurance company permits Lawler to retain the money recovered in this action and thereby "enrich himself," counsel should rather sympathize with the insurance company. But, according to the authorities, the question of insurance is not a relevant issue. We presume, however, that the insurance company is fully capable of protecting its own interests.

Counsel for appellant contend further, that the death of Foglio was due to his own negligence in standing up and trying to wrap a blanket around himself at the time of the accident. It is true that there

is evidence that Foglio, at the time of the accident, was either "standing up" or "rising from his seat a little bit" to "wrap a blanket around himself" or around "his legs and feet," but we cannot say that this evidence, *as a matter of law,* would constitute contributory negligence which would defeat Foglio's right of action.

"As a general proposition, the question of contributory negligence is one of fact for the jury under all the facts and circumstances shown by the evidence (*Bale v. Chicago Junction Ry. Co.,* 259 Ill. 476), but cases occasionally arise in which a person is so careless or his conduct so violative of all rational standards of conduct applicable to persons in a like situation that the court can say, *as a matter of law,* that no rational person would have acted as he did, and render judgment for the defendant." *Kelly v. Chicago City Ry. Co.,* 283 Ill. 640, 645.

The present case does not, in our opinion, come within that class of cases.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.