(No. 20342.—

PAUL F. JACOBI, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALBERT HAASE, Defendant in Error.)

*Opinion filed December 18, 1930.*

GEORGE A. SCHNEIDER, for plaintiff in error.

JOHN R. KITCH, (THOMAS M. COEN, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

A writ of error was awarded to Paul F. Jacobi to review a judgment of the superior court of Cook county which confirmed an award against him made by the Industrial Commission of Illinois in favor of Albert Haase. Jacobi owned a building in Chicago and employed Andrew Kehoe, painting contractor, to do some painting there. Kehoe employed Haase, and on May 14, 1928, Haase, while on a ladder preparing to paint the light shaft, was thrown to the floor, a distance of about eighteen feet, by the giving way of the ladder. His skull was fractured and he was taken to a hospital, where he remained twenty-four days. His wages were $1.62½ an hour, the usual rate in Chicago. He worked eight hours a day, five days a week, and had been working on the same building since April. On September 27, 1928, he testified before the arbitrator in regard to his condition: "When I walk I kind of sway, and when I walk fast I got to be careful that I don't swim.

There is kind of a sensation in my head. It was like I want to swirl." He also testified that he tried to work but could not. He was examined on July 11, 1928, by Dr. Alfred J. Mitchell, who had radiographs made of the skull, and testified to his condition, the nature, extent and effect of his injury, and the doctor's opinion was that it was permanent. At the time of the accident Kehoe's insurance had lapsed. The arbitrator made an award of $14 a week for 267-6/7 weeks and thereafter a pension for life of $25 a month, and $169, the cost of necessary first aid, medical, surgical and hospital services.

Upon the petition of Jacobi the cause was heard on review by the Industrial Commission on March 26, 1929. Jacobi made a motion to have the Century Indemnity Insurance Company made a party respondent because it had issued an indemnity policy to Jacobi and he had demanded of the company to take over the defense of the case. The company claimed that the policy did not cover the case and the motion was denied. On this hearing Haase testified that since the hearing before the arbitrator he had done about eight weeks' work, consisting of paper-hanging and painting, both interior and outside, and made about $230. He had to go slowly, got dizzy when he looked up, and did not work as fast as before he was injured. He went to work about eight o'clock, took a half hour for lunch and worked until half-past four, five days in the week. He painted window frames, down-spouts, doors and steps, used ladders and had no one with him. He was sixty years old, felt very well physically at times, was improving right along and was not under the care of a doctor. The commission made an award in favor of Haase at the same rate as the arbitrator, $14 a week, but for 251-4/7 weeks, only. Upon a writ of *certiorari* sued out by Jacobi the superior court of Cook county confirmed the award, and upon Jacobi's petition a writ of error was awarded to review the record.

Haase testified that he was working at 8710 Commercial avenue when he was injured, and Kehoe stated that his contract was to do some work at 8210 and 8212 Commercial avenue. He corrected this statement on cross-examination and stated that on 8910 and 8912 was a three-story brick building having two stores on the main floor and four apartments in the other two stories, and that it was this building, which Jacobi owned and maintained for rental, on which Haase was working when he was injured. There was some confusion arising from these discrepancies in the testimony, but Kehoe's correction on cross-examination explained the discrepancies and removed the confusion.

There was no evidence that Jacobi received notice of the accident within thirty days. Section 24 of the Workmen's Compensation act requires notice to the employer, only. Section 31 provides that any person engaged in any business referred to in sub-sections 1 and 2 of section 3 of the act who engages any contractor to do any work enumerated therein shall be liable to pay compensation to the employees of such contractor unless such contractor shall have insured the liability to pay compensation or guaranteed his liability to pay such compensation. The liability is imposed by the failure to require the contractor to insure the liability, and no notice is required other than the notice to the contractor who is the employer.

It is contended that the evidence does not show that the plaintiff in error was engaged in one of the employments automatically brought within the act by sub-sections 1 and 2 of section 3. It was shown that Jacobi owned the building and occupied one of the three flats as his residence. He rented the rest of the building. It is not shown that he was engaged in any other business or owned any other property. In contracting with Kehoe to paint and decorate the building he was therefore contracting for its maintenance. (*Chicago Cleaning Co.* v. *Industrial Board,* 283 Ill. 177.) The owner of a building who makes use of it by

renting it for the purpose of producing an income from it is engaged in the business of maintaining a structure within the terms of sub-section I of section 3. (*Davis* v. *Industrial Com.* 297 Ill. 29; *Johnson* v. *Choate,* 284 id. 214; *Storrs* v. *Industrial Com.* 285 id. 595.) The maintenance of a building by the owner as his home is not engaging in the business of maintaining a structure, (*Alabach* v. *Industrial Com.* 291 Ill. 338,) nor is the maintenance of a residence by a college, which is an eleemosynary corporation, for its president. (*Lombard College* v. *Industrial Com.* 294 Ill. 548.) Where a building is maintained, occupied and used by its owner in conducting a business in which he is engaged as an incident or adjunct to the business, the relation of his business to the Workmen's Compensation act and his relation to his employees is to be determined by the business and not by the maintenance of the building. (*Johnson Co.* v. *Industrial Com.* 306 Ill. 197; *Omaha Supply Co.* v. *Industrial Com.* id. 384.) The evidence that the owner of the building in this case was maintaining and using it for the purpose of producing an income and not as a part of some other business in which he was engaged brought him under the Workmen's Compensation act.

Haase did not show what his annual earnings were or whether he was in the employment of the same employer continuously during the year next preceding the injury, neither did he show the annual earnings which persons of the same class in the same employment and same location earned during the year next preceding the injury. There was therefore no basis shown for fixing the amount of the award. Section 10 states the basis for computation of the compensation, and that basis is the annual earnings which the injured person received as salary, wages or earnings if he was in the employment of the same employer continuously during the year next preceding the injury, as provided by sub-sections (*a*) and (*b*) of section 10; but if he was not in the employment of the same employer for the full

year immediately preceding the accident, the basis for computation of the compensation is the annual earnings which persons of the same class, in the same employment and same location, have earned for the year immediately preceding the accident, as provided by sub-section (c) and subsequent sub-sections of section 10. Since it does not appear whether or not Haase worked for the same employer continuously during the year preceding there is no basis for deciding whether the measure of his compensation should be his actual earnings for the year or the earnings which persons of the same class in the same employment and same location have earned during such period; and if the measure of his compensation was settled the amount of it cannot be determined, for the evidence does not disclose either the amount of his earnings during the year or the amount which persons of the same class in the same employment and same location have earned during the year. For this reason the judgment of the superior court must be reversed.

The plaintiff in error contends that the Century Indemnity Insurance Company should have been made a party to the proceeding. The defendant in error was under no obligation to make the insurance company a party. There was a controversy between the plaintiff in error and the insurance company as to the latter's liability on its policy, with which the defendant in error had no concern. In *Illinois Indemnity Exchange* v. *Industrial Com.* 289 Ill. 233, we held that where the person primarily liable is insolvent the insurance company which has insured the risk may be brought in and required to pay the award. But here no such condition is shown to exist. In *Equitable Casualty Underwriters* v. *Industrial Com.* 322 Ill. 462, we held that the injured employee had an absolute right to proceed against the insurer. In *Republic Casualty Co.* v. *Industrial Com.* 322 Ill. 169, (a proceeding before the commission against both the employer and the insured,) we held that the commission, having the parties before it, should pass upon the

question of the liability of the insurance company under its policy. It has never been held that the employer has the right to have the insurer brought into the proceeding, against the objection of the injured person, for the purpose of settling a controversy between the insurer and the employer.

The commission found that Haase was permanently partially incapacitated. There is no finding of the extent of the permanent incapacity and there was no evidence on which such a finding could be made.

The judgment of the superior court is reversed and the cause is remanded, with directions to set aside the award and remand the cause to the Industrial Commission to hear such evidence as the parties may offer as to the extent of the partial incapacity of the defendant in error and as to the statutory measure of compensation.

*Reversed and remanded, with directions.*