(No. 2399— )

HENRY SWAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1935.*

GARIEPY & GARIEPY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Claimant filed his complaint herein on January 14, 1934, and alleges therein in substance that prior to and on the 25th day of October, A. D. 1933, he was an employee of the respondent at the Illinois Emergency Relief Commission Shelter House at 1210 South Morgan Street; that on said date he sustained an accidental injury "which arose out of and in the course of his employment, by falling when stepping off the curb into a torn-up street while on an errand for said respondent"; whereby he sustained injuries causing a permanent disability to his right leg, for which he asks compensation under the provisions of the Workmen's Compensation Act.

The Attorney General has filed a motion to dismiss the case for the reason that the respondent is not liable for the injuries so sustained by the claimant. Claimant contends that "if the State in any of its departments or enterprises is actually engaged in an extra-hazardous business or enterprise as defined in Section 3 of the Workmen's Compensation Act, then all of the employees of the State, whether engaged in the extra-hazardous or non-extra-hazardous business of the State, are subject to the provisions of the Workmen's

Compensation Act'', and cites *Illinois Publishing Co.* vs. *Ind. Com.*, 299 Ill. 189, which holds in effect, that if the employer is engaged in an enterprise or business within the provisions of Section 3 of the Compensation Act, then all of his employees, in any department of such business or enterprise are under the Act even though their duties involve no hazards and do not bring them in contact with any of the hazardous parts of such enterprise or business.

The complaint, however, does not allege any facts from which it appears that the respondent is engaged in any of the enterprises or businesses which are declared to be extrahazardous under the provisions of Section 3 of the Act.

In carrying on the various functions for which the State was organized, it is engaged in a large number of different activities of various kinds, many of which are separate and distinct from each other, and practically complete in themselves, some of which are or may be hazardous in their nature and others of which clearly are not hazardous in any respect whatsoever. The question frequently arises, therefore, as to when the State and its various employees come within the provisions of the Workmen's Compensation Act, and when not.

In considering a similar question, Angerstein in his work ''The Employer and the Workmen's Compensation Act of Illinois'', on page 39 says:

"The business itself is the determining factor. For illustration, an employer might own a factory containing power-driven machinery, etc., which automatically would bring it under the Act. All the employees of such factory would be under the Act regardless of what their duties were, just so long as they were engaged in any department of the business, and this would include stenographers, salesmen, clerical help, etc. The same employer might own and operate a clothing store entirely separate and apart from the factory, in which store there were no appliances or machinery of any description. This clothing store, therefore, would not come under the Act automatically, and the employees, therefore, would not be under the Act unless and until the employer had filed his written acceptance of the Act with the Industrial Commission."

In the case of *Peterson* vs. *Ind. Com.*, 315 Ill. 109-202, the employer was engaged in farming, and also operated a sawmill on the same tract of land. The employee was injured while working in the sawmill, and the court held that although the employer was not under the Act as to the work on the farm, yet the operation of the sawmill was an inde-

pendent enterprise of a hazardous nature, and as to such enterprise the employer was under the Act. In that case the court said:

"It is not required by the Workmen's Compensation Act that one shall be exclusively engaged in one of the hazardous occupations enumerated in the Act to make him liable for compensation. A man may engage in two kinds of business, one not within the Workmen's Compensation Act and the other may be within the Act because it is extra-hazardous. (*Vaughn's Seed Store* vs. *Simonini*, 275 Ill. 477; *Davis* vs. *Ind. Com.*, 297 Ill. 29). \* \* \* \* \* \* We are of the opinion that plaintiff in error and the deceased at the time of the accident were both under the provisions of the Workmen's Compensation Act."

The same conclusion was reached in the case of *Davis* vs. *Ind. Com.*, 297 Ill. 29, where the employer owned a hardware business and also owned an apartment building which he rented at a profit; also in the case of *Walsh* vs. *Ind. Com.*, 345 Ill. 366, where the employer was in the small loan business, and also owned eight (8) or ten (10) houses which he kept in repair.

We conclude, therefore, that the State in the conduct of the various activities under its control is in the same position as an individual or a corporation which is engaged in a number of different enterprises or businesses, some of which are or may be extra-hazardous and some not; that each business or enterprise must be considered separately, and the liability of the State in each case depends upon whether that particular business or enterprise comes within any of the provisions of Section 3 of the Compensation Act, or whether such business or enterprise is extra-hazardous in fact.

Hence, when any employee of the State seeks to recover compensation for injuries sustained by him, it is necessary for him to aver and prove that he was engaged in some department of an enterprise or business which is extra-hazardous within the meaning of Section 3 of the Compensation Act, or which is extra-hazardous in fact.

There is nothing in the complaint to indicate that claimant was engaged in any department of a business or enterprise which is extra-hazardous within the meaning of Section 3 of the Act, or is extra-hazardous in fact, and consequently the motion of the Attorney General must be sustained.

386

Under the rules, the claimant has thirty days in which to file an amended complaint. Unless an amended complaint showing a right of action against the respondent is filed within thirty days from the date of the entry of this order, final judgment will be entered dismissing the claim.