(No. 41939.-)

TROY PULLIAM, d/b/a Pulliam Funeral Home, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Larry N. Kendall, Appellant.)

*Opinion filed November 26, 1969.*

E. H. PRICE, of Robinson, and ROSCOE D. CUNNINGHAM, of Lawrenceville, for appellant.

RYAN AND HELLER, of Mattoon, (HARLAN HELLER and DOUGLAS C. BALDWIN, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Larry N. Kendall fractured both of his arms at the elbow when he fell from a ladder while painting the outside of

a funeral home owned by his employer, Troy Pulliam. The Industrial Commission granted an award of compensation, but the circuit court of Crawford County reversed the Commission and set aside the award. The employer, a funeral director, had not elected to come under the Workman's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.1 *et seq.*), and the principal question ·is whether his business is automatically subject to the Act by virtue of section 3.

Kendall was employed by Pulliam to drive an ambulance and to help with funerals. He was also put to work painting the funeral home when work was slack. Section 3 of the Act provides in part that the Act shall apply automatically and without election "to all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely: 1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, * * * 3. Carriage by land, water or aerial service and loading or unloading in connection therewith, * * *."

In construing subsection 1 of section 3, in so far as it covers the business of maintaining a structure, this court has stated: "The owner of a building who makes use of it by renting it for the purpose of producing an income from it is engaged in the business of maintaining a structure within the terms of sub-section 1 of section 3. (*Davis* v. *Industrial Com.*, 297 Ill. 29; *Johnson* v. *Choate*, 284 id. 214; *Storrs* v. *Industrial Com.*, 285 id. 595.) * * * Where a building is maintained, occupied and used by its owner in conducting a business in which he is engaged as an incident or adjunct to the business, the relation of his business to the Workmen's Compensation act and his relation to his employees is to be determined by the business and not by the maintenance of the building. (*Johnson Co.* v. *Industrial Com.*, 306 Ill. 197; *Omaha Supply Co.* v. *Industrial Com.*, id. 384.)" *Jacobi* v. *Industrial Com.*, 342 Ill. 210, 213-214.

We are of the opinion that a funeral home comes within

that line of cases holding that the rental of a structure by the owner for profit constitutes maintaining a structure. The principal purpose of the funeral home is to provide a place for the family and friends of the decedent to view him and possibly conduct a funeral service there. The funeral service and viewing can, and sometimes is, done in some other building. Nevertheless, the viewing and possibly the funeral service is normally conducted at a funeral home which is designed for this activity. While the cost of the use of the room or rooms and appurtenant facilities at the funeral home by the decedent, his family and friends is not normally made as a separate charge, there is no doubt that such use constitutes a part of the charge by the funeral director. In short, the use of the funeral home for the activity conducted therein is not unlike the use of a hotel or motel room for lodging or a hall for a wedding reception or other ceremony.

The employer also argues that the transporting of the decedent in connection with his funeral business and his ambulance service is so incidental to his overall business that he does not come within the "carriage by land" provision of subsection 3 of section 3. Transporting the decedent is, of course, essential to a funeral director's business and occurs in every funeral. The ambulance service speaks for itself. We feel that such transportation which is so essential to a business cannot be considered incidental.

· We hold that the Industrial Commission properly found that the business conducted by Pulliam comes within the automatic coverage provisions of section 3 of the Workmen's Compensation Act. To the extent that *Hochspeier, Inc.* v. *Industrial Board,* 278 Ill. 523, holds to the contrary, it is hereby overruled.

Another issue sought to be raised by this appeal concerns the nature and extent of the claimant's injuries. The arbitrator found and the Commission sustained an award for medical expenses, temporary total disability of eight

weeks, and permanent partial disability for 47 weeks for 10% loss of the use of each arm. The trial court found that claimant failed to prove permanent injury or his medical expenses.

At the hearing before the Commission the following conversation occurred between the commissioner and the attorneys.

"MR. CUNNINGHAM: Yes, your Honor, but what we [the claimant] are trying to say, there has been further manifestation that the injury was of some permanence. That is what we wanted the witness to testify concerning.

. THE COMMISSIONER: I would say he [the arbitrator] found some permanence here. They [the employer] are not questioning the disability.

MR. CUNNINGHAM: Yes, they are.

THE COMMISSIONER: He [employer's attorney] says not.

MR. PLATER: Actually the only point we [the employer] raise at this time is whether or not they [the employer and employee] were covered by Workmen's Compensation.

MR. CUNNINGHAM: I am sorry. I apologize to your Honor.

THE COMMISSIONER: That is what he said. That is what I understood him to say.

MR. CUNNINGHAM: Very well."

Claimant argues that the employer waived the issue of the nature and extent of injury and, therefore, the trial court erred in considering the issue. The employer argues, however, that on review by the circuit court all questions of law and fact presented by the record must be reviewed whether or not the Commission passed upon a particular issue. In support of his contention, the employer cites *Republic Casualty Co.* v. *Industrial Com.*, 322 Ill. 169, 171, where it was stated: "By paragraph (e) of section 19 of

the Compensation act the Industrial Commission is required to review the decision of the arbitrator on all questions of law and fact which appear from the statement of facts or stenographic report. The matter of coverage under the insurance contract was before the commission, and it was its duty to pass upon it. The question was in the record, and the circuit court had power to pass upon it on *certiorari,* without regard to whether the commission discharged its duty in that particular."

The *Republic* case is easily distinguishable from the situation here. The plain import of the statement by the employer's attorney to the commissioner was that they only sought review of "whether or not they were covered by Workmen's Compensation." The issue of the nature and extent of the injury was waived and was not presented by the record for review by the circuit court.

For the above reasons, the judgment is reversed and the award of the Commission is reinstated.

*Judgment reversed;*
*award reinstated.*