[No. 24805. Department One. June 14, 1934.]

W. R. GRACE & COMPANY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 33 P. (2d) 659.

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Bogle, Bogle & Gates, Edward G. Dobrin,* and *Stanley B. Long,* for respondent.

MILLARD, J.—The department of labor and industries prosecutes this appeal from a judgment of the superior court for Pierce county reversing the order of the department rejecting the claim of J. A. Rivett for compensation under the workmen's compensation act.

At the trial before the court, no additional testimony was taken, the matter being submitted upon the record made before the joint board. Upon the evidence thus submitted—the evidence sustains the findings—the trial court found as follows:

Respondent corporation was the owner and operator of the steamship "Cacique." On the date of the injury of the claimant, the steamship was, and for some months prior thereto had been, decommissioned and withdrawn from navigation and commerce. The vessel was without officers or crew, and was laid up and moored in navigable waters of the United States in the harbor of Tacoma, for an indefinite period, with no voyage in contemplation. J. A. Rivett was employed by respondent corporation, on the vessel, as watchman, caretaker and maintenance man. His duties aboard the vessel

"  . . . consisted of making periodical rounds of inspection throughout said vessel during the day and performing such other work as a caretaker and maintenance man as might be necessary to preserve said vessel, her machinery and parts, and prevent the same from deteriorating, . . . the work being done by said claimant was not in the nature of repair work and was not being done in preparation for or contemplation of any voyage or voyages for which the vessel

might be commissioned as an instrument of commerce.''

On April 26, 1932, while engaged in his duties, Rivett sustained an accidental injury, caused by his slipping and falling down a companionway leading from the main deck to a lower deck of the vessel. While in its employ, the respondent corporation reported to the department of labor and industries the earnings of Rivett, together with the entire pay roll of other men engaged in the same or similar work about the ''Cacique.'' The premiums

'' . . . were paid to the Washington state industrial insurance fund covering said pay roll, as required by law, which said premiums were by said state of Washington accepted without objection or protest.''

Rivett's claim for compensation on account of his accidental injuries was rejected by the department. Rehearing before the joint board resulted in affirmance of the department's rejection of the claim. An appeal to the superior court resulted in judgment of reversal, from which the department appealed to this court.

The only question presented by this appeal is whether, at the time of the accident, Rivett was engaged in an extrahazardous employment within the meaning of the workmen's compensation act.

If respondent corporation was engaged in a business classified by the workmen's compensation act as extrahazardous, and if Rivett was engaged in the employment, by way of manual labor or otherwise, of respondent at the time of the accident, he was a workman engaged in extrahazardous employment within the purview of the workmen's compensation act.

The pertinent provisions of the act read as follows:

''There is a hazard in all employment, but certain employments have come to be, and to be recognized as

being inherently constantly dangerous. This act is intended to apply to all such inherently hazardous works and occupations, and it is the purpose to embrace all of them, which are within the legislative jurisdiction of the state, in the following enumeration, and they are intended to be embraced within the term 'extrahazardous' wherever used in this act, to-wit: . . . steamboats, tugs, ferries . . . '' Rem. Rev. Stat., § 7674.

''Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment. . . .'' Rem. Rev. Stat., § 7675.

The language of Rem. Rev. Stat., § 7674, is clear and unambiguous. By the express provisions of that section of the workmen's compensation act, Rivett's employment on the vessel of respondent is classified as extrahazardous. If given their natural and ordinary meaning and effect, the words of § 7675 define and classify Rivett as a workman engaged in extrahazardous employment.

Rivett was a watchman, caretaker and maintenance man employed on a decommissioned steamboat. His duties were to make periodical rounds of inspection throughout the vessel during the day, and to perform such other work as might be necessary for the preservation of the vessel, her machinery and parts, and to prevent deterioration of same. This employment is classified as extrahazardous by Rem. Rev. Stat., § 7674, and premium payments were made by respondent employer, and accepted by the department, as provided by Rem. Rev. Stat., § 7676, which, so far as material here, reads as follows:

"... each employer shall ... pay ... in accordance with the following schedule, to-wit: ..

|  | "Industrial Insurance Rate, Per Cent of Pay-roll | Medical Aid Rate, Cents Per Day |
|---|---|---|
| Class 9: ... | | |
| 9-4 Steamboat, tugs, ferries (operation) | 1¾% | 3" |

While the vessel was decommissioned, the full purpose of caring for it was to put it back into commission. The withdrawing of the vessel from navigation and mooring it in the harbor would require, if future use of that vessel were contemplated, that, during the period the vessel was decommissioned, it must receive careful and proper attention. This is not a case where the vessel was to be dismantled and sold as junk. Under the statute, the claimant was engaged in extrahazardous employment at the time of the accident.

Appellant relies for reversal upon *Anderson v. Department of Labor and Industries,* 173 Wash. 483, 23 P. (2d) 879, and *Denny v. Department of Labor and Industries,* 172 Wash. 631, 21 P. (2d) 275. Both cases are distinguishable, upon the facts, from the case at bar. In the first case cited, we held that, as the sawmill at which the claimant was employed was not one wherein machinery was used, it was not a mill within the classification of mills in Rem. Rev. Stat., § 7674. In the *Denny* case, the claimant was a solicitor for certain freight and transfer companies. While seated on a chair talking over a telephone, the chair collapsed, resulting in his injury. We held that, at the time of his injury, he was not engaged in extrahazardous employment within the operation of the act. Clearly, the

nature of the particular activity in which the employee was engaged at the time of his injury distinguishes the *Denny* case from the case at bar, in which the particular activity in which the claimant was engaged at the time of his injury was manifestly one classified by the workmen's compensation act as extrahazardous.

The judgment is affirmed.

MITCHELL, MAIN, STEINERT, and BLAKE, JJ., concur.