(No. 22392.—

THE FORD MOTOR COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(VINCENT J. OWENS, Defendant in Error.)

*Opinion filed June 19, 1934—Rehearing denied October 5, 1934.*

DEYOUNG, J., dissenting.

SHANNON, MORRILL & JOHNSON, (CARL M. JOHNSON, and WENDELL H. SHANNER, of counsel,) for plaintiff in error.

FRANCIS J. GARIEPY, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Plaintiff in error, the Ford Motor Company, seeks by this writ of error to reverse a judgment of the circuit court of Cook county allowing defendant in error, Vincent J. Owens, compensation under paragraph (d) of section 8 of the Workmen's Compensation act. (Smith's Stat. 1933, chap. 48, p. 1421.) The judgment sustained previous awards made by the arbitrator and the Industrial Commission allowing Owens $16 for total temporary disability for one week and $16 per week for a further period of 283 weeks and $6 for one week, based upon the permanent loss of earning power of Owens of $27.50 per week.

The principal issue is whether the proof sustains the finding that the injury of Owens prevents him from performing manual labor and has thus substantially destroyed his earning power.

While employed in the assembly plant of plaintiff in error in Cook county during May, 1931, Owens suffered an injury to his right testicle. He had but one testicle— i. e., the right one. The left one was undescended, and its retention in Owen's abdomen was a birth malformation wholly unrelated to the present injury. At the time of his injury Owens was putting cowl-bolts in new Ford bodies as they moved along on an electric conveyor. He was required to be inside the body for that purpose. While thus working, the body was turned sideways at an angle of about forty-five degrees. He had a stock-box eight inches long and five inches wide filled with bolts, weighing about twenty pounds, in his left hand, and was in the act of get-

ting out of the body when the latter was swung suddenly back into a straight position on the conveyor. He was thrown violently against the car body and one end of the stock-box caught on a post and the other end struck him in the groin and testicle. He fell to the floor and became very sick and faint. After several minutes he was assisted to his feet and helped over to the foreman, who made out a slip to the company doctor. After an examination and temporary treatment the testicle started to swell and by the next morning it was swollen to two or three times its natural size. He took leave of absence for twenty days, but at the end of two weeks he returned to the plant and was temporarily assigned to light work.

As to the ability of Owens to perform manual labor following the injury the case revolves around his testimony and that of four physicians who examined him. Two of these appeared for Owens and two for plaintiff in error. Owens testified that when he informed his employer that he was unable to do heavy work he was for a short time assigned to sweeping a portion of the plant floor. This was light and intermittent work which enabled him to take frequent rests. A curtailment of the plant force was then made and he was laid off. Subsequently he sold eggs by a house to house canvass. His earnings at this employment did not average over $2.50 per week. This work required that he climb stairs, and the walking and climbing caused his leg and groin to ache. This condition at times became so acute that he had to quit and go home for a rest. Since the injury he said he is afflicted with nervous spells, the testicle aches, and he is compelled to lie down and rest frequently. He cannot stand or remain quiet for any length of time. At the time of his injury he was thirty-nine years of age, had been married for ten years and had two children. Since the injury he testified that he can only have partial erections and his sexual desires have lessened.

Dr. Alfred J. Mitchell examined Owens in his behalf during November, 1932. Inasmuch as the parties interpret the testimony of this physician differently we will deal with it at some length. The witness testified that the examination was confined to both inguinal areas, the scrotum and the prostate. The left testicle was undescended. The right one presented a hard mass involving one-half of that body. The epididymis, which is a tube of the right testicle, was hard, and this condition extended all of the way up the tube. A hypothetical question based upon the circumstances of the injury and its after-effects was propounded to the witness. He answered that there is a direct causal relation, with a reasonable degree of medical certainty, between the accident described in the question and the subsequent ill-being of the hypothetical individual, and that there would be a permanent loss of the testicle, which would cause permanent sterility. He was careful to say that he confined his opinion solely to the power of reproduction. This witness was asked point-blank by the arbitrator if he had an opinion as to the disability of Owens so far as doing manual labor was concerned. He replied that he did not have such an opinion from an objective standpoint, and that simply to remove the testicles from a man would not disable him in the sense that he could not perform heavy manual labor. In response to further interrogation the witness said that his opinion did not relate to the ability of Owens to perform work of the character he was doing but that it rested solely upon the loss of use of the right testicle.

Dr. Josiah J. Moore, pathologist and physician, a witness for Owens, testified that he examined Owens in December, 1932, and found his semen sterile; that he found a hard tumor-like mass at the bottom of the right testicle, and that in his opinion the right testicle was a total loss from a reproductive standpoint. Dr. Harry C. Rolnick, a witness for plaintiff in error, also testified practically to

the same effect. Dr. S. W. Richmond Robinson, a witness for plaintiff in error, testified that Owens came to him for an examination in June, 1932. At that time witness was plant physician for plaintiff in error. His testimony contains no opinion on the question of sterility or on the question of the inability of Owens to perform manual labor because of the injury.

The only evidence of the physical condition of Owens after the injury, relating to his ability or inability to perform manual labor, is his own testimony. The testimony of the medical experts resulted only in expressions of opinion that Owens is sterile. Dr. Mitchell testified that the removal of testicles would not render a man unfit to perform manual labor of a heavy nature. But the opinion of Dr. Mitchell cannot be considered as evidence that Owens is capable of performing manual labor, nor can his answer to the direct query of the arbitrator concerning the ability of Owens to perform manual labor be resolved in favor of either party. The gist of his answer to the direct question is that his opinion concerned only the loss of the testicle in its reproductive aspect.

The subjective symptoms as derived from the sole testimony of Owens cannot be ignored in so far as they relate to his professed inability to do manual labor. His testimony stands alone, for it is neither supported by nor controverted by any other evidence. His testimony indicates the extreme difficulty, if not the impossibility, of his securing manual employment as long as his present condition persists. The condition of Owens presents a case similar to that presented in *Postal Telegraph Co.* v. *Industrial Com.* 345 Ill. 349, where we said: "This case represents a type of injury which wholly and completely disables the employee and which may or may not be of a permanent character. In this respect it is to be distinguished from the more common types of injuries resulting in loss of limb, * * * which obviously are permanent injuries.

406

* * * If at any time in the future the condition of Liss should improve, the employer has its remedy, under the Workmen's Compensation act, to then appear and have the award modified or set aside." Under the circumstances this court would not be warranted in disturbing the award for compensation, based upon the uncontroverted testimony of Owens that he is unable to do manual labor. Likewise his testimony of loss of earning capacity to the extent of $27.50 per week stands unquestioned and uncontradicted by any other testimony in the record. It is not for this court to substitute its judgment for the findings of the commission unless a clear and manifest error in judging the evidence has been committed. *Monark Battery Co.* v. *Industrial Com.* 354 Ill. 494.

The testimony of Owens reveals that he has suffered more than the mere reproductive loss of his testicle. He has stated the existence of a physical condition distinct from that loss. Consequently an award under sub-paragraph 16¾ of paragraph (e) of section 8 would not compensate him for all of the injury he has suffered. The award made under paragraph (d) of section 8 does so. The action of Owens in predicating his claim for compensation on sub-paragraph 16¾ does not restrict the commission or narrow its inquiry or award to the provisions of that section alone. The facts demonstrate that Owens is entitled to compensation under paragraph (d) of section 8 of the act. An award under the Compensation act must be based upon the facts brought to light by the procedural machinery of the act, and is not determined solely by what the claimant believes to be the proper part of the act upon which to base an award. *Stubbs* v. *Industrial Board,* 280 Ill. 208.

The judgment is affirmed.     *Judgment affirmed.*

Mr. JUSTICE DEYOUNG, dissenting.