[No. 25630. Department Two. October 25, 1935.]

ANNA K. LINDQUIST, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*[1]

*Evans & McLaren* and *W. Byron Lane,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,*
for respondent.

HOLCOMB, J.—Appellant is the surviving widow of
Martin Lindquist, deceased, who was injured on
November 17, 1933, while in the employ of the Vance
Lumber Company, which injury resulted in his death
on December 1, 1933. Her claim for a pension, under
the workmen's compensation act, was rejected by the

[1]Reported in 50 P. (2d) 46.

department of labor and industries, and on appeal to the superior court for King county, that decision was affirmed, on the ground that at the time of the fatal injury the deceased was not an employee as contemplated by the act.

At the hearing before the joint board it was stipulated:

"That certain operations of the Vance Lumber Company are extra-hazardous and subject to the provisions of the Workmen's Compensation Act and that the Vance Lumber Company pays each month on those employees a premium to the Department of Labor & Industries under Class 5-1."

On the day of the accident, Lindquist was employed as a "houseman" in the employ of the Camlin Hotel, of Seattle, which was at that time being operated by the Vance Lumber Company. The duties of the deceased required him, when a tenant moved out, to clean the apartment, rearrange the furniture, wash the walls and windows, when that was required to be done, and to scrub the floor so as to prepare the same for a new occupant.

On that day, a tenant having vacated an apartment, he was engaged in washing the walls of the same, when a board on which he was standing slipped from the cupboard on which it rested, throwing him to the floor in such a manner as to fracture his wrist and arm. He was immediately removed to the hospital, placed under the care of a doctor, but blood poison developed, which resulted in his death.

It had been estimated by the employer that the time spent by deceased in washing windows was two hours a day, the same being classified as extra-hazardous under the compensation act. Deductions were made from his pay for that time and payments made to the department therefor, as prescribed by law.

The statute on which appellant relies reads:

"Class 5:
   5-1  Washing buildings
        Window-washing (excludes domestics regularly
           employed for other purposes) . . ." Rem.
        1935 Sup., § 7676.

Each classification is required to pay the same rate to the industrial insurance fund.

Although much discussion occurs in the brief of appellant as to the Vance Lumber Company being engaged in extrahazardous employment, that cannot be gainsaid because it was so recognized by the department and by itself and premiums paid for washing windows for two hours a day for deceased.

We agree with appellant that we have always held that the language in the workmen's compensation act should be given its natural and ordinary meaning and effect, and if there is any ambiguity in the language used in the act, it should be liberally construed. Sympathetic as we are with that view, this court cannot legislate classifications into the act which are not there.

Unquestionably, window washing and washing buildings are extrahazardous occupations, as most courts have decided. The legislature undoubtedly conceived that washing windows, often far above ground, would imperil the life or limb of a worker. So, also, in washing buildings; but the legislature did not include in its classification the washing of walls or ceilings inside of buildings. The exception of domestic servants so indicates.

Window washing and washing buildings being so classified, doubtless the Vance Lumber Company could have been compelled by the state to pay premiums for workmen engaged in those extrahazardous occu-

pations. *State v. Business Property Security Co.,* 87 Wash. 627, 152 Pac. 334. However, that company has paid premiums for the estimated time, which was accepted by the department, for the extrahazardous occupation of washing windows, in which deceased was included. His injury did not occur while washing windows, nor while washing one of his employer's several buildings.

Not all extrahazardous employments fall within the act. To come within the industrial insurance act, the business must have been classified as extrahazardous, and the injury sustained must have been received by an employee while engaged in the course of extrahazardous work classified as such.

"Whether an occupation in law is extrahazardous depends upon whether the act has so declared it, or it has been so found by the department of labor and industries. [Citing cases.] Extrahazardous industries, however, or employments are not all within the act." *Anderson v. Department of Labor & Industries,* 173 Wash. 483, 23 P. (2d) 879.

The mere fact that deceased was, for short periods of his time, engaged in casual, or incidental, extrahazardous employment does not bring him within the act. *Carsten v. Department of Labor & Industries,* 172 Wash. 51, 19 P. (2d) 133; *Dalmasso v. Department of Labor & Industries,* 181 Wash. 294, 43 P. (2d) 32; *Jannak v. Department of Labor & Industries,* 181 Wash. 396, 43 P. (2d) 34. Cf. *Denny v. Department of Labor & Industries,* 172 Wash. 631, 21 P. (2d) 275.

Certain cases, cited and greatly relied upon by appellant, such as *Walsh v. Industrial Commission,* 345 Ill. 366, 178 N. E. 82, following previous Illinois cases, are not in point, for the reason that the statute of Illinois classified as an extrahazardous occupation:

"The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 8 of this section."

That court held, as it had previously held, that one maintaining buildings for profit, either through rentals or compensation for services requiring a substantial portion of his time, is engaged in the business of maintaining a structure within the workmen's compensation act. It had previously held in *Chicago Cleaning Co. v. Industrial Board,* 283 Ill. 177, 118 N. E. 989, that the cleaning and washing of windows was necessary in maintaining structures, an extrahazardous occupation and under the workmen's compensation act, as classified.

We have no such statute in this state. Almost every conceivable dangerous occupation in connection with the maintenance of buildings, such as masonwork, plumbing, painting, carpentry work, and many other employments, are classified as extrahazardous, but not the general one of maintaining buildings, as is the case in Illinois. Cf. *State v. Business Property Security Co., supra. Gibbons v. Gooding,* 153 Minn. 225, 190 N. W. 256, is no more apt.

We have consistently held that, although an occupation may be, in fact, hazardous or extrahazardous, if it has not been so recognized by the legislature in making its classification, or subsequently by the industrial insurance department, there can be no recovery from the compensation fund for injuries while engaged in such work; *Parker v. Pantages Theater Co.,* 143 Wash. 176, 254 Pac. 1083; *Everett v. Department of Labor & Industries,* 167 Wash. 619, 9 P. (2d) 1107, 83 A. L. R. 1003; *Grace & Co. v. Department of Labor & Industries,* 178 Wash. 4, 33 P. (2d) 659; and *Morris v. Department of Labor & Industries,* 179 Wash. 423, 38 P. (2d) 395, did not announce any

different rule and were under entirely different facts and provisions than in the instant case.

The judgment of the trial court is correct, and is affirmed.

MAIN, BEALS, BLAKE, and MITCHELL, JJ., concur.