(No. 23647.—

The National Alliance of Bohemian Catholics, Plaintiff in Error, *vs.* The Industrial Commission *et al.*— (James Suchy, Defendant in Error.)

*Opinion filed October 14, 1936.*

ANGERSTEIN, PIGGOTT & ANGERSTEIN, for plaintiff in error.

HOMER V. JOHANNSEN, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On July 10, 1934, James Suchy, defendant in error, filed an application for adjustment of claim with the Industrial Commission for injuries alleged to have occurred on March 9, 1934, in the course of his employment by Gustav Vavrinec. On August 13, 1934, he filed an amended application, and also made John Straka and the National Alliance of Bohemian Catholics, a corporation, parties respondent. In the first part of the amended application it was alleged that Suchy was employed by Vavrinec, but in the third part all three respondents were named as employers. The application alleged that Suchy was injured by a fall while doing carpentry on a building at 1637 South St. Louis avenue, Chicago. There is no dispute as to the fact or extent of injury. The arbitrator found that the petitioner and respondents were not operating under the provisions of the Workmen's Compensation act. The Industrial Commission heard additional evidence and entered an award against the National Alliance, in favor of Suchy, for thirty-eight weeks at $11 per week for temporary total incapacity, and the further sum of $11 per week for eighty-one weeks for fifty per cent loss of use of the right foot and ten per cent loss of use of the left foot, and $180.85 medical, surgical and hospital expense. Respondent John Straka was dismissed on Suchy's motion, and no award was entered against Vavrinec. The superior court of Cook county confirmed the commission's award, and we have awarded this writ of error to the National Alliance.

It is contended that plaintiff in error was not operating under the Workmen's Compensation act. It is claimed that maintaining the building upon which Suchy was injured, owned by plaintiff in error, was a thing purely incidental to its corporate objects. Plaintiff in error is a non-profit corporation, which has as its object the encouragement of educational development and the promotion of the welfare of its membership. The members do not pay regular dues but make voluntary contributions. The corporation rents its headquarters at Twenty-second street and Kedzie avenue. It has a trust fund in the Lawndale State Bank, consisting of cash, bonds and mortgages, totaling $18,500. The trustee purchased a mortgage on the flat-building in question as an investment. This mortgage was foreclosed, and John Straka took title to the property as trustee. The corporation owned no other buildings, but this building was rented for the purpose of obtaining revenue. Members of the board of directors made several trips to the property and arranged for and supervised the repairs to the building. In *Walsh* v. *Industrial Com.* 345 Ill. 366, 370, we said that a safe rule is that where one maintains buildings or structures for profit, whether that profit be as compensation for his services or by way of rentals received, and such maintenance requires a substantial portion of his time and attention, he must be said to be engaged in the business of maintaining a structure within the meaning of the Compensation act. See, also, *Jacobi* v. *Industrial Com.* 342 Ill. 210, 214, and *Davis* v. *Industrial Com.* 297 id. 29. The proof brings plaintiff in error within the act.

It is next contended that the evidence and findings of fact fail to sustain the allegations of the application, in that the corporation is not named in it as an employer. While the first part of the application named Vavrinec alone, plaintiff in error was designated later, with the other two respondents, as employer. The Workmen's Compensation act

does not specify in detail the form of application, but the right of a respondent to demand that the application conform to the award and the proof has been recognized to the extent that the respondent will not be required to meet a different claim from that stated by the application. The application and award must be consistent. (*Newberry* v. *Industrial Com.* 341 Ill. 554, 558; *Consumers Co.* v. *Industrial Com.* 315 id. 592.) In the *Newberry case* we held an application and award to be inconsistent because the application named one party as employer while the award was against an entirely different person. In *Winnebago County* v. *Industrial Com.* 336 Ill. 466, a similar conclusion was reached where an award was entered against the county on a claim made against the county board of supervisors. It would be beyond the spirit of the Compensation act to require more certainty in this application, and where there is no element of surprise, plaintiff in error is in no position to complain. In addition, the award must be based upon the facts brought to light by the procedural machinery of the Compensation act and is not to be determined solely by what the claimant believes to be the proper part of the statute upon which to base his claim for compensation. (*Ford Motor Co.* v. *Industrial Com.* 357 Ill. 401, 406.) Suchy, in the case at bar, was within his rights in naming plaintiff in error and Vavrinec as his employers and in leaving to the commission the duty of determining, upon the hearing, who was liable for his injuries. This contention must be overruled.

Vavrinec testified that he had no definite contract with plaintiff in error, and that although there had been a conversation about a price of $90 for repairs to the porch, additional work was found to be required, and that the directors of plaintiff in error relied upon his honesty and fair dealing. The directors gave him instructions about the work to be done and he directed Suchy and paid Suchy by the day,

passing on the charge to plaintiff in error. The proof wholly fails to establish the status of an independent contractor and owner, and also fails to establish the partnership relation claimed at the hearing by plaintiff in error to have existed between Suchy and Vavrinec.

As to the claim that plaintiff in error had no notice and that no demand for compensation was made on it, the proof shows that within a week after the injury to Suchy the officers of plaintiff in error handed releases, written in both Bohemian and English, to Vavrinec, with the request that he have Suchy execute them. In *New Staunton Coal Co.* v. *Industrial Com.* 328 Ill. 89, 94, we said: "Where the employer has that knowledge without notice or demand as provided by section 24, the object and purpose of that section has been accomplished, and giving the formal notice is unnecessary to give the commission jurisdiction of the case." Notice and demand to Vavrinec were sufficient, because the proof shows that he did direct Suchy and paid him for his labor, thus warranting the conclusion of fact that he was acting in the capacity of foreman for plaintiff in error, but the matter of the proposed releases mentioned above shows indisputably that plaintiff in error had notice of the injuries and that compensation was expected by Suchy.

There is a third reason why notice and demand to Vavrinec alone would be sufficient, if, as plaintiff in error contends, he was Suchy's employer and an independent contractor. In such a case, under section 31 of the Compensation act, the owner would be liable as an employer where, as here, the proof shows that Vavrinec had no insurance against liability for compensation to his employees. That section, when properly construed, makes such owners employers and gives them a right of action against such contractors to recoup any money they are required to pay out by way of compensation to employees of such uninsured contractors.

The contention is urged that the award of the commission was arbitrarily made because it was signed by one com-

missioner who was the father of counsel for defendant in error and who did not hear the oral argument before the commission and by two of the three commissioners who heard that argument. We cannot agree with this contention.

For the reasons indicated, the judgment of the superior court of Cook county is affirmed. *Judgment affirmed.*