RICKMAN v. E. I. DU PONT DE NE-
MOURS & CO., Inc.

No. 3357.

Circuit Court of Appeals, Tenth Circuit.

Oct. 28, 1946.

Norman Barker. of Tulsa, Okl., for appellant.

Whit Y. Mauzy and R.' D. Hudson, both of Tulsa, Okl., for appellee.

Before BRATTON and MURRAH, Circuit Judges, and CHANDLER, District Judge.

BRATTON, Circuit Judge.

Robert Frank Rickman sued E. I. Du Pont de Nemours & Company, Incorporated, to recover damages for personal injuries. The action was begun in the state court of Oklahoma and later removed to the United States Court on the ground of diversity of citizenship. After removal, a second amended complaint was filed in which two causes of action were pleaded. It was alleged in the first cause of action that plaintiff and defendant entered into an agreement in Oklahoma in which it was agreed that plaintiff should become the employee of defendant as patrolman at its plant at Pasco, Washington; that pursuant to such agreement plaintiff went to the State of Washington and entered the employ of defendant as patrolman at the plant; that defendant was engaged there in the manufacture of a new instrument of warfare; that in the course of the employment, defendant directed plaintiff to enter an underground room at the plant; that there were poisonous rays, gases, fumes, and other infectious substances in the room; that plaintiff was not warned of the dangers or perils in entering the room; that without notice or warning of dangers, and in obedience to the direction of defendant, plaintiff went into the room and remained there for about eight hours; and that as the result he sustained serious and permanent physical injuries. It was al-

leged in the second cause of action that while confined as a patient in the hospital of the defendant for treatment for his physical condition resulting from the injuries referred to in the first cause of action, a nurse in the employ of defendant and assigned to care for plaintiff, assaulted plaintiff, beat him, choked him, and threatened to kill him. The court dismissed the action on the ground that the complaint failed to state a claim or cause of action against the defendant upon which the court could grant relief. Plaintiff appealed. For convenience, reference will be made to the parties as they appeared in the trial court.

The causes of action pleaded are damages for wrongs which occurred in the State of Washington. The action is transitory as distinguished from local. And the defendant, a corporation organized under the laws of Delaware and duly authorized under the laws of Oklahoma to transact business in that state, is amenable to suit in the courts in Oklahoma, federal as well as state. Neirbo Co. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537. But the question upon which the case turns is not one of venue, and it does not concern itself with jurisdiction of the defendant. The court had jurisdiction of the defendant. The question is one of jurisdiction of the subject matter. It is whether plaintiff pleaded a justiciable cause of action of which the court had jurisdiction. And whether the defendant is liable in a civil action for damages for the wrongs committed in the State of Washington depends upon the substantive law of that state. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487;. Bagnel v. Springfield Sand & Tile Co., 1 Cir., 144 F.2d 65, certiorari denied, 323 U.S. 735, 65 S.Ct. 72, 89 L.Ed. 589.

The State of Washington has in force and effect a comprehensive Workmen's Compensation Act, Rcm.Rev.Stat. § 7673 et seq., which provides for the compensation of workmen injured in hazardous employment. With few exceptions which do not have any bearing here, it abolishes the action at law by employee against employer to recover damages on the ground of negligence. It is obligatory upon both employers and employees. The system of compensation to injured workmen is substituted for the common law right of recovery of damages, and the courts are deprived of jurisdiction of ordinary civil actions for damages for injuries of that kind. In emphatic terms, it abolishes all civil causes of action for damages where the employer and employee are within its broad sweep. Peet v. Mills, 76 Wash. 437, 136 P. 685, L.R.A.1916A, 358, Ann.Cas.1915D, 154; Ross v. Erickson Construction Co., 89 Wash. 634, 155 P. 153, L.R.A.1916F, 319; Zenor v. Spokane & I. E. R. Co., 109 Wash. 471, 186 P. 849; Perry v. Beverage, 121 Wash. 652, 209 P. 1102, 214 P. 146; Mountain Timber Co. v. State of Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann.Cas.1917D, 642.

The defendant was undoubtedly engaged in an extrahazardous business within the scope and meaning of the Act, supra. And where the employer is engaged in an extrahazardous business, a watchman or patrolman employed in connection with the business comes within the Act. W. R. Grace & Co. v. Department of Labor and Industries, 178 Wash. 4, 33 P.2d 659. It is clear that measured by the law of Washington, plaintiff is not entitled to recover in a civil action of this kind for the injuries pleaded in the first cause of action.

In respect to the second cause of action pleaded, plaintiff was a patient in the hospital of defendant for treatment for the injuries sustained as the result of being in the room containing the poisonous gases and other infectious substances, and while in the hospital for that purpose, the nurse employed by the defendant to care for plaintiff and render him professional services, assaulted him. Under the circumstances, the injuries suffered as the result of the assault are compensable only under the Act, supra, if at all. No cause of action for damages enforceable in a civil suit exists. Ross v. Erickson Construction Co.,

supra; Carmichael v. Kirkpatrick; 185 Wash. 609, 56 P.2d 686; Anderson v. Allison, 12 Wash.2d 487, 122 P.2d 484, 139 A.L.R. 1003.

The judgment is

Affirmed.