(No. 31850.

SCHOOL DIRECTORS OF OAKDALE CONSOLIDATED SCHOOL DISTRICT NO. I, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN M. MARKHAM *et al.,* Defendants in Error.)

*Opinion filed May 24, 1951.*

HOUSE & HOUSE, of Nashville, for plaintiff in error.

BAKER, LESEMANN, KAGY & WAGNER, of East St. Louis, for defendant in error John M. Markham.

Mr. JUSTICE FULTON delivered the opinion of the court:

During the summer vacation period of the year 1947, the respondent, John M. Markham, was injured while engaged in painting two classrooms in the school building owned by the Oakdale School District. He filed an application for compensation against the district. On a hearing before the arbitrator, the school district was held liable and an award rendered against it. On review before the Industrial Commission, the decision of the arbitrator was affirmed, and later, on *certiorari,* was confirmed by the circuit court of Washington County. A writ of error to review the case has been allowed by this court.

All of the facts were stipulated and show that the district owned and maintained a one-story school building 40 feet wide and 88 feet long, containing a cloakroom and four classrooms. The building was located on a tract of land of about one-half acre. The site was not located in any town, village or incorporated town. There was no basement under the building, no running water, no plumbing, no furnace and no machinery or appliances of any kind. Each room in the building was heated by its own coal-burning heating stove. Oakdale Consolidated School District was a common school district organized under the laws of the State of Illinois, was engaged in maintaining a public elementary school, grades one to eight, for the free education of children of that district, and was not engaged in any other enterprise.

Markham was properly employed by the district to paint two rooms in the school building, and no compensation has been paid to him on account of the injury suffered while so employed. The school district had never filed notice of its election to provide and pay compensation under the provisions of the Workmen's Compensation Act, (Ill. Rev. Stat. 1949, chap. 48, par. 138,) and it had never insured its liability to pay such compensation.

The only question in dispute is whether or not the school district came under the compulsory provisions of the Workmen's Compensation Act at the time of the accident.

The application for compensation filed against the school district was evidently based upon the theory that it was liable under paragraph 1 of section 3 of the act. Section 3 of the act, insofar as it relates to the present case, provides that its provisions "shall apply automatically and without election to * * * all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely: 1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, * * *."

The circuit court of Washington County held that the school district was not only engaged in the business of furnishing free public education, but by the very nature of its business, and under the provisions of the statute governing school districts, was also engaged in the business of constructing, maintaining and managing suitable places and buildings where education may be secured.

The plaintiff in error insists that it was not engaged in the "business of maintaining a structure" within the proper construction of the act and relies upon the recent opinion of this court in *Iowa-Illinois Gas & Electric Co. v. Industrial Com.* 407 Ill. 360, where the leading decisions of this court and of many cases from foreign jurisdictions, bearing upon the principal question before us in this case, were extensively reviewed.

The final brief of the respondent also revolves around the same case, seeking to distinguish the conclusions and reasoning expressed in that opinion and to show that it is not applicable to the facts of this case.

In the *Iowa-Illinois Electric Company case,* one Kenneth Robison was a window washer, temporarily in the employ of John Bondar, a window-washer employer. Bondar had a contract with the electric company to wash its windows at a fixed price per week. While washing a window on the second floor, Robison fell to the street and was injured. Robison brought an action against the company for compensation under the provisions of the Workmen's Compensation Act. The company owned an office and retail building in the city of Moline, which it used for its purposes as a public utility. It rented about two per cent of its space on the second floor to another corporation. Robison sought to hold the electric company liable on the theory that because it was receiving rental from a part of the property it uses in its ordinary utility management, it was engaged in the business of "maintain-

ing a structure" and was therefore liable under the provisions of section 31 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1949, chap. 48, par. 168.) After a very thorough and exhaustive discussion of the cases, both from Illinois and elsewhere, this court concluded as follows: "From the foregoing authorities, and many others cited in a note in 150 A.L.R. 1214, the general trend, while not laid down with exactitude, seems to hold that where the work in which the employee is engaged does not enter into the commercial functions of the principal employer, but only affords facilities or casual convenience for the conduct of the trade or business, it cannot be held to be a part of the business or enterprise of the employer," citing *Uphoff* v. *Industrial Board,* 271 Ill. 312.

To hold, as urged by defendant in error, that, in the employment of Markham to paint and redecorate two of the rooms in the school building, the district became engaged in the business of "maintaining a structure," within the meaning of subsection 1 of section 3 of the Workmen's Compensation Act, would directly overrule what was said in the *Iowa-Illinois Gas & Electric Company case.* It appears to this court that Markham was engaged only as a casual or occasional employee, and not to perform work directly connected with the principal business of the employer.

This principle of law has been fully covered in cases cited in the *Iowa-Illinois Electric Company case* and we approve and confirm what is said in that opinion. We, therefore, hold that the order of the circuit court of Washington County confirming the award against petitioner be, and it is, hereby reversed and the award set aside.

*Judgment reversed; award set aside.*