(No. 39128.—▆▆▆▆▆▆▆)

ORIN F. ARNOLD, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(C. HOMER ROWE, Appellant.)

*Opinion filed November 19, 1965.*

ALAN G. SUMBERG, of Rockford, for appellant.

NACK & NACK, of Galena, (LOUIS A. NACK and JAMES W. RICHARDSON, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Jo Daviess County, reversing an award of the Industrial Commission to claimant, C. Homer Rowe, for injuries suffered while laying a new roof on a building owned by Orin F. Arnold in the village of Stockton.

The building was a two-story structure with an attached one-story shed. It was occupied by Arnold for his hardware business until his retirement. It was thereafter rented to Stanley Fischer who operates a hardware business in the main portion of the building and the remainder is rented by the Skel-Gas Co. Rowe was a steady employee of a local garage at $68 per week, doing mechanical work and tire repair. His employer permitted him to do odd jobs such as carpentering, cement finishing and tree topping for people in the village, when "there wasn't too much work going on in the garage."

Claimant was engaged to apply rolled roofing to the building at $1.75 per hour and Rowe's son was separately engaged at 90¢ per hour. The two commenced putting new rolled roofing on the shed about 7:00 A.M. on July 24, 1962. They had laid the first roll and, when ready to start the second, claimant fell 8 or 9 feet to the ground. He suffered injuries to his left arm and right foot. He was granted an award for medical expenses, temporary total disability, and partial permanent disability to his arm and leg.

Claimant's theory is that he was an employee, that he was injured in the course of his employment and that the owner came under the automatic application of the Workmen's Compensation Act. The owner contends that claimant was an independent contractor and that he had neither elected to become subject to the act nor was he engaged in a business which brought him under it automatically. We will consider the last contentions first.

That part of section 3 of the act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.3,) relating to this problem reads: "The

provisions of this Act hereinafter following shall apply automatically * * * to all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely: 1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, * * *."

*Walsh* v. *Industrial Com.* 345 Ill. 366,370, after discussion of the earlier cases relative to when a person is engaged in the "business of maintaining a structure" stated: "The line of demarcation between maintaining a structure as an incident rather than as a business, and the business of maintaining a structure, is not readily defined, but we are of the opinion that a safe rule is, that where one maintains buildings or structures for profit, whether that profit be as compensation for his services or by way of rentals received, and such maintenance requires a substantial portion of his time and attention, he must be said to be engaged in the business of maintaining a structure within the contemplation of the Workmen's Compensation Act."

In *Iowa-Illinois Gas & Electric Co.* v. *Industrial Com.* 407 Ill. 360, the tests laid down in *Walsh* were quoted with approval and the award, which had been sustained by the circuit court, was set aside. Claimant reads the *Iowa-Illinois* case as though it interpreted liability under the act to be hinged solely upon the amount of rental received, without reference to whether the recipient of rent was engaged in the business of renting. It cannot be so narrowly construed. This overlooks the very essence of that portion of the act which provides for automatic liability only where the circumstances warrant a finding that a person is engaged in the business of maintaining a structure.

In *School Directors* v. *Industrial Com.* 409 Ill. 260, the claimant was engaged to paint two rooms of a rural school house and was injured when he fell from a ladder. The commission's award was reversed and, after discussing the *Iowa-Illinois* case, it was said: "It appears to this court that

Markham was engaged only as a casual or occasional employee, and not to perform work directly connected with the principal business of the employer." (p. 263.) There the owner was engaged in the business of education, and maintenance of the school building was merely incidental thereto.

Here, the owner was a retired business man who rented his store building to his successor in business. The record is devoid of proof of any other maintenance work on this building or on the home in which he lived. Claimant stated that he had done work on the owner's farm buildings, but he testified to neither the extent nor the time of such work.

On this record, a finding that the owner was engaged in the business of maintaining a structure or structures (which finding is inherent in the commission's holding that he was operating under and subject to the provisions of the Workmen's Compensation Act) cannot stand.

The judgment of the circuit court of Jo Daviess County setting aside the award of the Industrial Commission is affirmed.

*Judgment affirmed.*