(No. 39734.— )

JAMES GEORGE WHITE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Fritz P. Mitsdarffer, Appellee.)

*Opinion filed September 23, 1966.*

RALPH P. NORTON, of Danville, for appellant.

JAMES N. SHERRICK, of Villa Grove, and ZIMMERLY, PRICE & JOHNSON, of Champaign, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This workmen's compensation case involves a largely undisputed factual situation on the basis of which an arbitrator denied compensation on the ground that respondent had not elected to come under the Workmen's Compensation Act (Ill. Rev. Stat. 1963, chap. 48, par. 138.2), and was not subject to the automatic coverage provisions of the act (Ill. Rev. Stat. 1963, chap. 48, par. 138.3). On review the commission found the respondent within the coverage of the act and awarded compensation, and this award was confirmed by the Douglas County circuit court.

The injury for which compensation was sought occurred while petitioner Fritz P. Mitzdarffer was working on a house which respondent James George White, a real-estate salesman, was building for use by himself and his family as a personal residence. White and his son had put in the footings and foundation, and petitioner was employed on an hourly basis to do carpentry work in which he was engaged when a ladder upon which he was standing gave way resulting in his injury. It is not argued that the house was being built or was to be used for any purpose other than as the family residence.

Respondent contends he is not an employer within the

meaning of the act; additionally he argues that petitioner was an independent contractor rather than an employee; that there is insufficient proof of causal relationship between petitioner's disability and this injury (petitioner had received an earlier injury prior to this employment) ; and that it is not established that the medical and hospital costs resulted from the injury with which we are concerned. Since we agree with respondent's initial contention, we need consider none other.

Because respondent had not elected to come under the act, resolution of the issue here is dependent upon the compulsory coverage provisions of section 3. It states: "The provisions of this Act hereinafter following shall apply automatically and without election to * * * all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely: 1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure * * *. 8. Any enterprise in which sharp edged cutting tools, grinders or implements are used * * *."

The controlling question is whether respondent's construction of his home constituted engaging in a "business" or "enterprise". Petitioner argues it was the legislative intent to provide automatic coverage under the act in any case in which a structure is built, and that the act itself declares the activities named in section 3 to be "enterprises". Were this a situation without precedent, such argument would merit serious consideration, but the legislative intent and scope of this section have been considered by us on several occasions, the latest being our recent decision in *Arnold* v. *Industrial Com.* 33 Ill.2d 524, announced subsequent to the action of the commission and circuit court in this case. While *Arnold* involved an injury occurring during repair of a building rather than initial construction and thus involved the provision for automatic coverage of employers and employees engaged in the business or enterprise of

"maintaining" rather than "erecting," that decision is indistinguishable in principle from the situation here. We there held a retired owner of a commercial building rented to others was not engaged in the business or enterprise of maintaining a structure when he employed another to re-roof the building. Here, respondent, whose regular occupation is that of a real-estate salesman, was building a house to be used exclusively as a dwelling for himself and his family and utilized petitioner's services as a carpenter in accomplishing this purpose. If the two cases are to be distinguished at all, it would seem that the maintenance of a building rented to others for profit by a retired businessman would more nearly approach the concept of a "business" or "enterprise" than the erection of a personal dwelling house by one engaged in a separate occupation.

Recognizing the necessity for now distinguishing the instant case from *Arnold*, petitioner urges that there are substantial differences between "maintaining" and "erecting", and that the latter might well be considered an "enterprise" while the former was not so regarded. Such argument, however, finds no support in our earlier decisions, and there is nothing in the legislation itself which would justify such conclusion. Both activities are in *pari materia* under the statute. See *Johnson* v. *Choate,* 284 Ill. 214, 220; *Berry Co.* v. *Industrial Com.* 318 Ill. 312, 315; *Jacobi* v. *Industrial Com.* 342 Ill. 210, 213-214; *Walsh* v. *Industrial Com.* 345 Ill. 366, 369.

While respondent has cited *Uphoff* v. *Industrial Board,* 271 Ill. 312, and that decision does furnish a modicum of support in recognizing that some definitions of "enterprise" could embrace the building of the broom-corn shed there involved, the court (p. 317) rather clearly felt the act would not automatically apply to the erection of all structures. The precise basis for the decision is, perhaps, debatable, but the court did hold that construction of the crib was not automatically within the act. While it might be argued that

*Uphoff* did not foreclose the possibility of a future holding that a construction project of greater magnitude might be subject to automatic coverage, it is apparent that our subsequent decisions above cited have foreclosed such consideration in this case.

The judgment of the Douglas County circuit court is reversed.

*Judgment reversed.*